**SOUTHWEST PARK OUTPATIENT SURGERY, LTD., et al., Appellants,**

v.

**CHANDLER LEASING DIVISION, Pepsico Leasing Corporation, Appellee.**

No. 17162.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Sept. 7, 1978.

Wood, Lucksinger & Epstein, Bill R. Bludworth, Houston, for appellants.

Fulbright & Jaworski, Jeffrey R. Parsons, Houston, for appellee.

EVANS, Justice.

This is an appeal from a summary judgment awarding possession of leased equipment to the lessor.

The plaintiff Chandler Leasing Division, as lessor, and Southwest Park Outpatient Surgery, Limited, as lessee, executed a lease dated September 16, 1974 covering certain items of equipment. Chandler subsequently brought this action against the lessee and four individuals who had guaran-

teed the lessee's obligation, alleging default in the payment of the stipulated monthly rentals and seeking damages, repossession of the leased equipment and attorney's fee. The defendants answered and also filed a cross-action against the supplier of the equipment alleging that the equipment was defective when delivered and unfit for the purposes intended.

The trial court entered a partial summary judgment awarding the plaintiff immediate possession of the leased equipment and ordered that its claim for possession be severed from the main action. A final judgment was then entered in the severed action awarding possession of the leased equipment to the plaintiff, and this appeal is from that judgment.

The trial court thereafter entered a partial summary judgment in the principal case, awarding the plaintiff the sum of $393,346.33 as the sum of the "liquidated lease payments presently due and remaining to be paid over the balance of the lease term", and ordered the damage claim severed from the main case. A final judgment was then entered in the severed action for damages, the judgment reciting that it was without prejudice to the claims remaining to be determined in the principal case. No objection has been asserted with respect to the manner in which the claims were severed in the trial court, and that is not an issue on this appeal.

The issue on this appeal is whether the trial court erred in granting a summary judgment in favor of the plaintiff, awarding it immediate possession of the leased equipment, and this opinion will be limited to those matters raised by the defendants' points of error which directly pertain to that question. In a separate opinion this date filed, this court has determined that the lease agreement provides for a penalty and has ordered that the judgment entered in the severed damage action be reversed and the cause remanded.

■ The defendants have challenged the sufficiency of the affidavit filed in support of the plaintiff's motion for summary judgment, contending that the affidavit does not reflect that it was made on personal knowledge as required by Rule 166–A, Texas Rules of Civil Procedure. The affidavit recites that the affiant, a vice-president and controller of the plaintiff, is personally acquainted with the facts and that he is familiar with the administration and collection efforts of the plaintiff with respect to the lease in question. The affidavit is signed by the affiant and below his signature appears the notary public's verification that the affidavit was "sworn to and subscribed before me." Although the affidavit does not specifically recite that the matters stated therein are true, this is its obvious effect when considered in its entirety. The affidavit is not fatally defective. *Gutierrez v. Hacher's Dept. Store*, 483 S.W.2d 433 (Tex.Civ.App.—San Antonio 1972, writ ref'd n. r. e.).

■ The lease agreement provides that in the event default should be made in the payment of rent, the lessor would have the right to the possession of the leased equipment. The supporting affidavit recites that subsequent to the delivery of the leased equipment to the lessee, no monthly rental payments were made under the lease agreement. This factual allegation has not been controverted by any of the defendants.

There being no dispute as to any genuine issue of material fact pertaining to the plaintiff's claim for repossession of the equipment and the movant having shown that it is entitled to judgment as a matter of law, the trial court properly entered summary judgment for the plaintiff. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970).

The trial court's judgment is affirmed.