**RIVER OAKS SHOPPING CENTER, Appellant,**

v.

**Irene PAGAN and Charles Pagan, Appellees.**

**No. B14–85–622–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 8, 1986.

Rehearing Denied June 5, 1986.

Daniel Jay Goldberg, Francine A. Jackson, Houston, for appellant.

Allan E. Ball, Stephen W. Lemmon, Houston, for appellees.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a summary judgment granted in favor of Irene and Charles Pagan, appellees. The issue to be determined is whether, under Section 171.255 of Texas Tax Code (Vernon 1982), the debt sued upon by appellant, River Oaks Shopping Center, was "created" or "incurred" after the appellees' corporation forfeited its right to do business in Texas. If the debt was created or incurred *after* the Pagan Corporation forfeited its right to do business, then appellees, as officers of the corporation, would be individually liable for the debt pursuant to Section 171.255. If, however, the debt was created or incurred before the corporation forfeited its right to do business, as found by the trial court, they would not be individually liable. We affirm.

The debt involved in this suit arises from a lease contract for real property. Appellees, in their capacities as officers of the Pagan Corporation, entered into the lease agreement with appellant on April 11, 1978. On October 17, 1979, the Pagan Corporation assigned the lease. Appellant consented to the assignment, and the corporation acknowledged that it would remain directly and primarily liable to appellant as lessor for the performance of all its obligations under the lease. The assignment was also signed by appellees in their capacities as officers of the Pagan Corporation.

The corporation forfeited its right to do business on September 15, 1979, and on March 17, 1980, it forfeited its charter and corporate privileges. In August of 1980, the assignee defaulted on the lease. Appellant sued appellees individually for the breach of the lease contract and the assignment pursuant to the provisions of Section 171.255 of the Texas Tax Code.

Both appellant and appellees filed motions for summary judgment. After a hearing on the motions, the trial court found as a matter of law that, under the provisions of Section 171.255, the debt was created or incurred prior to the Pagan Corporation's forfeiture of its right to do business. Appellant takes exception to the trial court's finding in three points of error. In his first point appellant complains that the trial court erroneously found the debt was created or incurred prior to the forfeiture of the corporation's right to do business. Appellant argues in his second and third points that the court erred in granting appellees' motion for summary judgment and in denying its motion.

■ Appellant argues in his first point of error that the trial court erred in granting appellees' motion for summary judgment because the debt sued upon was not created or incurred until after the Pagan Corporation forfeited its right to do business. Section 171.255 of Texas Tax Code provides in pertinent part:

(a) If the corporate privileges of the corporation are forfeited for the failure to file a report or pay a tax or penalty, each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived....

(b) The liability of a director or officer is in the same manner and to the same extent as if the director or officer were a partner and the corporation were a partnership.

The supreme court in *Schwab v. Schlumberger Well Surveying Corp.*, 145 Tex. 379, 198 S.W.2d 79 (1946), construed a predecessor statute with provisions identical in import to those of Section 171.255. In that case the officers of the corporation renewed and extended a promissory note after the corporation's privileges had been forfeited. In discussing the enactment of similar statutes in other jurisdictions, the court stated:

Such statutes, though held to be remedial in some instances, are also penal in nature, and it is generally held that they must be strictly construed and cannot be extended beyond the clear import of their language.

It will be noted that the statute involved fixes liability upon the directors and officers of a corporation only for debts "created or incurred" after the forfeiture of the corporation's right to do business. The words "created" and "incurred", as used in the statute, have a clear and well defined meaning. The word "create" means "To bring into existence something which did not exist." 10 Words and Phrases, Perm.Ed., p. 331; *Roth v. State,* 158 Ind. 242, 63 N.E. 460, 469. The word "incur" is defined in *Ashe v. Youngst,* 68 Tex. 123, 125, 3 S.W. 454, 455, as " 'Brought on,' 'occasioned' or 'caused.' " In view of these definitions no debt was "created" or "incurred" by the renewal of the note because the obligation theretofore existed. *It thus seems obvious that the liability imposed under the statute is only for debts contracted after the forfeiture of the right to do business, and has no application to the renewal of obligations arising prior thereto. Providence Steam-Engine Co. v. Hubbard,* 101 U.S. 188, 25 L.Ed. 786; 13 Am.Jur. 1008, Sec. 10071 (emphasis added).

*Schwab v. Schlumberger Well Surveying Corp.,* 145 Tex. at 382, 198 S.W.2d at 81.

The Dallas Court of Appeals quoted the above language in *Curry Auto Leasing v. Byrd,* 683 S.W.2d 109 (Tex.App.—Dallas 1984, no writ), when it held that the debt of the corporation in question related back to the promise to pay made in a *lease agreement* executed *before* the corporation forfeited its right to do business. In the case at bar, appellees' obligation to pay rent was brought into existence, occasioned and caused by the execution of the lease agreement on April 11, 1978.

The terms of the agreement itself further support our holding. Section 3.02 of the agreement states that, although the lease term will commence at a date subsequent to the execution of the contract, the parties intend that each shall have vested rights immediately upon the signing of the instrument and that the instrument shall be binding and in full force from and after its execution. Section 4.01 of the lease agreement provides that rent is payable in advance each month, with payment due on the first day of each month of the lease term. When Sections 3.02 and 4.01 are read together, it is clear that the obligation to pay rent was created or incurred at the time the lease agreement was executed.

In its brief appellant relies heavily on authority to the effect that rental payments are generally not due until after the lessee has had an opportunity to occupy or enjoy the lease premises, either at the end of each month or at the end of the lease term, as specified in the contract, unless the parties provide to the contrary. We note, however, that none of the authority cited by appellant involves the question of when a debt is created or incurred under Section 171.255.

Moreover, the Oklahoma cases cited by appellant construing that state's corresponding statute are also inapposite. In *Phillips & Strong Engineering Co. v. Howard B. James Associates,* 529 P.2d 1013 (Okla.Ct.App.1974), the officers were found liable under an agreement to lease office space on a month-to-month basis. The case at bar does not involve a month-to-month obligation. The two other cases relied upon by appellant, *Midvale Mining and Manufacturing v. Dutron Corp.,* 569 P.2d 442 (Okla.1977), and *State Insurance Fund v. Orior, Inc.,* 689 P.2d 316 (Okla.Ct. App.1984), do not involve lease agreements and are therefore not controlling.

We believe the supreme court's holding in *Schwab,* 198 S.W.2d at 79, and the reliance of the Dallas Court of Appeals on that opinion in *Curry Auto Leasing,* 683 S.W.2d at 109, a case also dealing with a lease agreement, control the disposition of the issue presented in this case. Appellant's first point of error is overruled.

■ In its second and third points of error, appellant complains that the trial court erred in granting appellees' motion for summary judgment and in denying its motion. When both parties move for summary judgment and the trial court grants

one and overrules the other, appellate courts may determine the propriety of the trial court's ruling on each. *The Atrium v. Kenwin Shops of Crockett,* 666 S.W.2d 315 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Having determined that the debt appellant sued upon was, as a matter of law, created or incurred prior to the date of the corporation's forfeiture of its right to do business, we find that the trial court did not err in denying appellant's motion for summary judgment. Appellant's motion was grounded on the erroneous legal conclusion that the debt was created or incurred after the forfeiture of the corporation's right to do business. Appellant's third point of error is overruled.

■ What remains to be determined is whether the trial court properly granted appellees' motion for summary judgment. Standing alone, appellees' summary judgment evidence is arguably lacking. Appellees' proof consists only of certain portions of the lease agreement and the certificate of the secretary of state evidencing the Pagan Corporation's forfeiture of its charter. Appellees filed no affidavit in support of their motion. However, the motion incorporated by reference the pleadings on file in the cause, *including appellant's,* and the exhibits attached thereto.

Appellant's motion for summary judgment included affidavits of Cynthia Perry, manager of the shopping center, the entire lease contract, the agreement to assign the lease, appellant's consent to the assignment, the certificate of appellees' forfeiture of corporate privileges from the secretary of state, and affidavits in support of attorney's fees. Although the evidence was presented to the trial court by appellant, the judge had all the evidence necessary to determine the question of law presented to him in appellees' favor.

This case presents a somewhat novel situation in that the trial court utilized appellant's summary judgment evidence as the basis for granting appellees' motion for summary judgment. Although we have searched the most comprehensive authority on summary judgments in Texas, Hittner, *Summary Judgments in Texas,* 22 Hous. L.Rev. 1109 (1985), we find no cases on point. However, when viewed from the standpoint of logic and judicial economy, we find it makes no difference which party presents the summary judgment evidence, so long as the trial court has before it, at the hearing on the motions, sufficient evidence to determine that it is proper to grant one motion and overrule the other. Clearly, the evidence presented was sufficient for the trial court to correctly determine that appellees' motion should be granted. No genuine issues of material fact existed, and appellees were entitled to judgment as a matter of law. Tex.R.Civ.P. 166–A. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.