Jarrett E. WOODS, Jr., and Thomas R.
Perry, Jr., Appellants,

v.

APPLEMACK ENTERPRISES,
INC., Appellee.

No. B14–86–467–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 26, 1987.

Rehearing Denied April 9, 1987.

Mark H. How, Dallas, for appellants.

John R. Gilbert, Gary L. McConnell, Angleton, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

### OPINION

SEARS, Justice.

This is an appeal from a summary judgment in a suit on a promissory note. Both parties filed motions for summary judgment. The trial court denied Defendants' (Appellants') motion and granted Plaintiff's (Appellee's). We hold that the summary judgment evidence was wholly insufficient to establish Appellee's right to judgment as a matter of law and that the summary judgment evidence was sufficient to support Appellants' motion for summary judgment. We reverse the summary judgment granted in favor of Appellee and grant summary judgment for Appellants.

Appellants executed a promissory note June 11, 1981, payable to Gary L. McConnell in the principal sum of $740,000.00. The note was secured by shares of stock in Commerce Savings Association. Mr. McConnell then assigned this note to Appellee on December 31, 1981. Appellee, Applemack Enterprises, Inc., is a corporation wholly owned by Mr. McConnell and his wife.

In May, 1982, Appellants presented Mr. McConnell with a plan whereby they would meet him in Seattle, Washington, obtain the stock held as security by Mr. McConnell, transfer the stock to a third party and pay the note out of the proceeds of this transfer. Mr. McConnell agreed to this arrangement and agreed to a discount of $23,897.40 for the early payment of the note. On May 21, 1982, the parties met in Seattle and Mr. McConnell, acting on behalf of Appellee, received $716,102.60 in payment of the note. This was the total amount due and owing on the note after discounting $23,897.40 for early payment. Approximately two and one-half years later, Appellee filed this suit to collect the $23,897.40 previously discounted from the note. Both parties filed motions for summary judgment in January, 1986. The trial court granted Appellee's Motion for Summary Judgment and denied Appellants'. Appellants requested findings of fact and conclusions of law; however, none were filed by the court.

In points of error one and two, Appellants contend the trial court erred because the summary judgment evidence disclosed facts which as a matter of law defeated Appellee's right to judgment and established Appellants' right to judgment. We agree with Appellants' contentions. Appellee's summary judgment evidence included two affidavits of Gary L. McConnell, an affidavit by Appellee's attorney concerning reasonable attorney fees, and a copy of the promissory note. Appellants' evidence consisted of the affidavit of Mr. Jarrett E. Woods, Jr. and a deposition by Gary L. McConnell which was taken in a related lawsuit.

 Appellee challenges the sufficiency of Mr. Woods' affidavit because it fails to state that the facts set forth therein are "true and correct." To be competent as summary judgment evidence, an affidavit must affirmatively show that it is based on the personal knowledge of the affiant and state facts in a form that would be admissi-

ble in evidence at a trial. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984). The affidavit of Mr. Woods recites that the affiant, one of the makers of the promissory note, has "personal knowledge of all facts set forth in this Affidavit." The affidavit is signed by the affiant and below his signature is the notary public's verification that this affidavit was "subscribed and sworn to before me." While the affidavit does not recite specifically that the facts set forth therein are true and correct, this is the obvious effect when the affidavit is read in its entirety. *Southwest Park Outpatient Surgery, Ltd. v. Chandler Leasing Division*, 572 S.W.2d 51, 52 (Tex.Civ. App.—Houston [1st Dist.] 1978, no writ); *Gutierrez v. Hachar's Dept. Store*, 484 S.W.2d 433, 435 (Tex.Civ.App.–San Antonio 1972, writ ref'd n.r.e.). We hold that the affidavit is not defective and sufficiently reflects that it was made on the personal knowledge of the affiant as required by Rule 166–A of the Texas Rules of Civil Procedure.

■■■ Appellee further contends that Mr. Woods' affidavit contains the phrases "an agreed credit was negotiated," and "[a]ll sums remaining due and owing on the Note on that date, save and except for said agreed upon credit, were paid in full," which are merely conclusions and not sufficient summary judgment evidence. Affidavits must set forth facts rather than legal conclusions. *Harbour Heights Dev. Inc. v. Seaback*, 596 S.W.2d 296, 297 (Tex.Civ. App.–Houston [14th Dist.] 1980, no writ). The conclusions of the affiant have no probative value and are not competent summary judgment evidence. *Hidalgo v. Surety Savings and Loan Association*, 487 S.W.2d 702, 703 (Tex.1972); *Manges v. Astra Bar, Inc.*, 596 S.W.2d 605, 610 (Tex.Civ. App.–Corpus Christi 1980, writ ref'd n.r.e.). We do not find the statements conclusory because they are proven by Appellee's own affidavit as is shown later in this opinion.

■■■ Appellee next contends that Appellants failed to expressly raise the agreement to a discount as a defense. Issues not expressly presented to the trial court by written motion, answer or other re-

sponse shall not be considered on appeal as grounds for reversal. Tex.R.Civ.P. 166–A(c). An affirmative defense may properly be raised in a response to the motion for summary judgment and attached affidavits. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984); *Clark v. Dedina*, 658 S.W.2d 293, 296 (Tex.App.–Houston [1st Dist.] 1983, writ dism'd w.o.j.). Appellants' Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment contains the following language:

> As can be seen from the Affidavit of Jarrett E. Woods, Jr. and the affidavit of Gary L. McConnell, Defendants have paid all sums which were agreed due and owing on the note which forms the basis of Plaintiff's claim in this cause of action.

This motion, when read in conjunction with supporting and opposing affidavits, clearly presents the defense of discount upon which Appellants rely.

We now turn to the question of whether either of the parties sustained their burden of proof and established a right to summary judgment as a matter of law. Where both parties move for summary judgment, each party must carry his own burden of establishing a right to judgment. Neither can prevail solely because the other party failed to discharge his burden. *The Atrium v. Kenwin Shops of Crockett*, 666 S.W.2d 315 (Tex.App.–Houston [14th Dist.] 1984, writ ref'd n.r.e.). On appeal, the proper course is for the appellate court to render judgment for the party whose summary judgment motion should have been granted. *Members Mutual Insurance Co. v. Hermann Hospital*, 664 S.W.2d 325, 328 (Tex.1984); *River Oaks Shopping Center v. Pagan*, 712 S.W.2d 190, 193 (Tex.App.– Houston [14th Dist.] 1986, writ ref'd n.r.e.).

■■■ In Appellants' Motion for Summary Judgment they alleged that all amounts owing on the note had been paid in full. Appellee moved for judgment on the basis that the evidence conclusively established that the note had been paid except for the disputed $23,897.40. Therefore, the only dispute between the parties was whether

they had agreed that $23,897.40 would be discounted from the monies owing on the note. Mr. Woods asserts in his affidavit that "on or about May 21, 1982, an agreed credit was negotiated ... in the total sum of $23,897.40." Further, in Appellee's affidavit in opposition to Defendants' Motion for Summary Judgment, Mr. McConnell stated:

> Because I had travelled such a long distance to pick up the monies owing to me, and because I needed the money to capitalize a new national bank in Richwood, Texas, which I had organized and was attempting to open by the end of the summer of 1982, I agreed to a discount of $23,897.40. As a result, $716,102.60 was applied to the principal on a note dated June 1, 1981 in the original principal sum of $740,000.00 payable to my order which I had assigned to Applemack Enterprises, Inc. on December 31, 1981.

Where both parties move for summary judgment and produce evidence in support of their motions, the trial court may consider the combined summary judgment evidence in determining whether it is proper to grant one motion and overrule the other. *River Oaks Shopping Center v. Pagan,* 712 S.W.2d at 193.

 The evidence presented by both parties clearly establishes that they agreed to a discount of $23,897.40 in consideration of the early payment of the note. It further proves that Appellants paid Mr. McConnell, for the benefit of Appellee, the balance owed on the note in the amount of $716,102.60. We find that the evidence establishes Appellants' right to summary judgment as a matter of law. Points of error one and two are sustained.

We note that Appellee alleges in his brief that he was entitled to receive some additional consideration for the discount of the note. While the McConnell deposition may raise some confusing evidence of an oral agreement to a reduction of indemnity liability under a written contract, any such oral agreement was negotiated subsequent to the agreement to discount and to the payment of the note. A suit between Mr. McConnell and Appellants on this alleged oral contract is pending in another jurisdiction and any issues concerning that agreement should properly be resolved in that lawsuit.

Points of error three, four and five concern the trial court's denial of Appellants' motion for leave to file an amended answer, denial of their motion for new trial and the trial court's striking of Appellants' amended answer. Our determination of points one and two make it unnecessary for us to address these remaining points of error.

Accordingly, the judgment of the trial court is reversed and summary judgment is granted in favor of Appellants.