**James W. DAVIS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 3–92–279–CV.**

Court of Appeals of Texas, Austin.

Jan. 20, 1993.

Tom C. Ingram, Jr., Dallas, for appellant.

Dan Morales, Atty. Gen., Robert P. Nunis II, Asst. Atty. Gen., Austin, for appellee.

Before CARROLL, C.J., and JONES and KIDD, JJ.

### PER CURIAM.

This is a franchise tax case. Ad Agency, Inc. (the corporation) was a Texas corporation. Appellant James W. Davis was the corporation's sole shareholder, president, and director. On September 6, 1990, the State of Texas[1] filed suit against the corporation and Davis seeking to recover franchise taxes,[2] penalties, and interest incurred in the corporation's name. The State sought to hold Davis individually liable for the franchise debt alleging, alternatively: (1) that the corporation was Davis' alter ego; (2) that Davis operated the corporation as a sham to perpetrate a fraud on its creditors; and (3) that Davis, as an officer and director of the corporation, was liable for the tax debt pursuant to Tex.Tax Code Ann. § 171.255 (West 1992). Davis filed a general denial and pleaded limita-

tions as an affirmative defense. The corporation did not answer. After limited discovery, both the State and Davis filed motions for summary judgment. The trial court issued an order denying Davis' motion for summary judgment. The trial court rendered a separate final judgment granting the State's motion for summary judgment and awarding the State the amount of $4,599.78 from the corporation and Davis, jointly and severally. In three points of error, Davis complains that the trial court erred both in granting the State's motion for summary judgment and in denying his motion for summary judgment.[3] We will reverse the trial court's final judgment as to Davis.

### DISCUSSION

#### Standard of Review

The movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. This Court must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Nixon v. Mr. Property Mgt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

#### The State's Motion for Summary Judgment

In his third point of error, Davis asserts that the trial court erred in granting the State's motion for summary judgment because the motion did not state the specific grounds on which it is based. Tex. R.Civ.P. 166a(c). However, the failure of a motion for summary judgment to specify grounds is a defect of form that is waived unless excepted to before rendition of judgment. *Westchester Fire Ins. Co. v. Alva-*

---

1. Tex.Tax Code Ann. § 111.010(a) (West 1992) (attorney general shall bring suit in name of State to recover delinquent state taxes).

2. A franchise tax is imposed on each corporation that does business in this State or that is chartered or authorized to do business in this State. Tex.Tax Code Ann. § 171.001 (West 1992).

3. Because the corporation did not appeal from the trial court's judgment, the judgment against the corporation is final.

*rez,* 576 S.W.2d 771, 773 (Tex.1978). Davis has waived his complaint because he did not except to the alleged defect in the trial court. Point of error three is overruled.

■ In his first point of error, Davis asserts that the trial court erred in granting the State's motion for summary judgment. First, Davis argues that he is not liable for the corporation's franchise taxes because there is no summary judgment proof that the corporation was his alter ego or that he operated the corporation as a sham to perpetrate a fraud. In its brief, the State admits that its motion for summary judgment is not based on alter-ego or sham-to-perpetrate-a-fraud "causes of action." The trial court may not grant summary judgment on a theory not addressed in the motion for summary judgment. *Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563, 564 (Tex.1983). The only remaining theory the State pleaded as a basis for Davis' personal liability for the franchise taxes and penalties is statutory liability based on section 171.255.

Section 171.255 provides, in pertinent part:

> If the corporate privileges of a corporation are forfeited for the failure to file a report or pay a tax or penalty, each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived. *The liability includes liability for any tax or penalty imposed by this chapter on the corporation that becomes due and payable after the date of the forfeiture.*

Tex.Tax Code Ann. § 171.255(a) (West 1992) (emphasis added).[4]

Davis argues that section 171.255 does not impose liability on officers or directors of a corporation for franchise taxes that become due before the date of forfeiture of corporate privileges. Although Davis did not specifically raise this complaint in his response to the State's motion for summary judgment, he did assert that the State failed to show that he was individually liable for franchise taxes. We will, therefore, construe Davis' complaint to assert that the State did not show as a matter of law that Davis was individually liable for the franchise taxes, penalties, and interest pursuant to section 171.255. *See State Bd. of Ins. v. Westland Film Indus.,* 705 S.W.2d 695, 696 (Tex.1986) (nonmovant must expressly present to trial court any reasons for avoiding movant's right to summary judgment; absent response raising such reasons, these matters may not be raised for first time on appeal); *O'Neil v. Mack Trucks, Inc.,* 542 S.W.2d 112, 114 (Tex.1976) (rule of liberal construction applies to points in appellant's brief; merits of error will be ruled on in light of statement and arguments). It is the State's burden, then, to show that, as a matter of law, the franchise taxes, penalties, and interest for which it seeks to hold Davis liable were imposed by chapter 171 and were due after the date the corporate privileges were forfeited.

The Summary–Judgment Proof

■ When both parties move for summary judgment, the trial court may consider the combined summary-judgment evidence to decide how to rule on the motions. *Woods v. Applemack Enter.,* 729 S.W.2d 328, 331 (Tex.App.—Houston [14th Dist.] 1987, no writ); *River Oaks Shopping Ctr. v. Pagan,* 712 S.W.2d 190, 193 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). The summary-judgment proof includes the State's and Davis' answers to interrogatories and exhibits attached to the parties' respective motions for summary judgment and responses.

■ The State relies on Davis' motion for summary judgment to establish the date the corporate privileges were forfeited. In his motion for summary judgment, Davis alleges that the corporate privileges were forfeited on June 24, 1985. Assertions of fact in live pleadings of a party not

4. All references to code provisions are to the provision in effect at times relevant to this

cause, unless otherwise indicated.

pleaded in the alternative are regarded as formal judicial admissions and are conclusively established without the necessity of other evidence. While it is a well-settled rule in summary-judgment proceedings that pleadings may not constitute proof, facts alleged in those pleadings may constitute judicial admissions; judicial admissions are not proof, but a waiver of proof. *Galvan v. Public Utilities Board,* 778 S.W.2d 580, 583 (Tex.App.—Corpus Christi 1989, no writ). We hold that Davis' motion for summary judgment establishes that the corporate privileges were forfeited on June 24, 1985. Accordingly, in order for the State to prevail on its motion for summary judgment, it had to show that, as a matter of law, the franchise taxes, penalties, and interest were due after June 24, 1985. Tex.Tax Code Ann. § 171.255 (West 1992).

The State's exhibit "A" attached to its motion for summary judgment is the comptroller's "Certified Claim for Texas Franchise Tax" ("comptroller's claim").[5] The comptroller's claim recites, in pertinent part, that the corporation was incorporated on October 20, 1982; the corporation's corporate privileges were forfeited "for failure to pay franchise tax and/or failure to file franchise tax report(s) required by Tex. Tax Code Ann. ch. 171, and the corporation's corporate privileges have not been revived"; the corporation is liable for franchise tax, penalty, and interest computed through May 22, 1991; and the officers and directors are liable for tax, penalty, and interest for a 1983–86 audit that accrued after the corporation's corporate privileges were forfeited.[6] The comptroller's claim then recites that the tax summary is for the year 1986, and is for tax, penalty, and interest calculated through June 18, 1991. The comptroller's claim does not recite the date that the franchise taxes were due. The State relies on a notice attached to its response to Davis' motion for summary judgment to establish the date the franchise taxes were due. We conclude that the State is not entitled to summary judgment because the summary-judgment proof does not conclusively establish the date the franchise taxes were due.

Although the comptroller's claim recites that director and officer liability for the taxes, penalties, and interest "accrued after the corporation's corporate privileges were forfeited," it also recites that the tax summary is for the year 1986. The term "1986" is susceptible to more than one meaning because portions of two regular annual tax periods are included within the calendar year 1986.[7] The first tax period is the regular annual tax period beginning on May 1, 1985, and ending on April 30, 1986. The franchise tax due date for this tax period is March 15, 1985.[8] The corporate

---

5. The comptroller's claim is prima facie evidence of its contents. *See* Act of May 31, 1981, 67th Leg., R.S., ch. 389, § 1, 1981 Tex.Gen. Laws 1490, 1504 (Tex.Tax Code § 111.013, since amended). The provision recites: "In a suit involving the establishment or collection of an *occupation* tax, a claim showing the amount of tax due the state and certified by the comptroller or the chief clerk of the comptroller is admissible as evidence. When admitted, the claim is prima facie evidence of its contents." (emphasis added). For purposes of this provision, the franchise tax is an occupation tax. *See Hurt v. Cooper,* 130 Tex. 433, 110 S.W.2d 896, 899 (1937) (considering statute as a whole, if primary purpose of fees provided therein is raising of revenue, such fees are occupation taxes, regardless of how designated); *Ross Amigos Oil Co. v. State,* 134 Tex. 626, 138 S.W.2d 798, 800 (1940); *Wilburn v. State,* 824 S.W.2d 755, 761 (Tex. App.—Austin 1992, no writ) (sole purpose of franchise-tax statute is to raise revenue).

6. Davis' answers to interrogatories establish that he was the corporation's president, director, and sole shareholder from 1983 through 1986.

7. *See* Act of May 31, 1981, 67th Leg., R.S., ch. 389, § 1, 1981 Tex.Gen.Laws 1490, 1699, *amended by* Act of Apr. 2, 1985, 69th Leg., R.S., ch. 31, § 5, 1985 Tex.Gen.Laws 405, 406 (Tex.Tax Code Ann. § 171.151, since amended). Section 171.-151 provides, in pertinent part, "The franchise tax shall be paid for each of the following: ... (3) after the initial and second periods have expired, a regular annual period beginning each year on May 1 and ending on the following April 30." Both of the tax periods that are included in 1986 are after the corporation's "initial" and "second" period.

8. Act of July 2, 1984, 68th Leg., 2nd C.S., ch. 10, art. 3, § 1, 1984 Tex.Gen.Laws 67, 73 (Tex.Tax Code Ann. § 171.152, since amended) (payment of tax covering regular annual period is due March 15th of each year before beginning of regular annual period).

privileges were forfeited June 24, 1985. Thus, the due date for that portion of the tax debt that is based on this first tax period is before June 24, 1985, and Davis cannot be held personally liable pursuant to section 171.255.

The second tax period is the regular annual tax period beginning on May 1, 1986, and ending on April 30, 1987. The franchise tax due date for the second tax period is March 15, 1986,[9] which is after the date the corporate privileges were forfeited. Thus, pursuant to section 171.255, Davis may be held personally liable for taxes for the second tax period.[10] Since it cannot be determined from the comptroller's claim whether "1986" includes the first, second, or both tax periods, the comptroller's claim is ambiguous and there is a genuine issue of material fact concerning whether, or what portion of, the franchise taxes were due before the corporate privileges were forfeited. *See Coker v. Coker*, 650 S.W.2d 391, 394–95 (Tex.1983) (summary judgment improper where contract ambiguous because interpretation of instrument becomes fact question).

Rather than rely on the comptroller's claim to establish the date the franchise taxes were due, the State argues that the "Notice of Tax Due" ("notice") attached to its response to Davis' motion for summary judgment establishes as a matter of law that the franchise taxes, penalties, and interest were due after the corporate privileges were forfeited. The comptroller audited the corporation's account for the years 1983–1986 to determine the corporation's franchise tax liability. The comptroller then issued a notice pursuant to section

111.022 of the Tax Code, which provides in pertinent part:

(a) If the comptroller believes that the collection of a tax required to be paid to the state or the amount of a determination is jeopardized by delay, the comptroller shall issue a determination stating the amount and that the tax collection is in jeopardy. The amount determined is due and payable immediately.

Tex.Tax Code Ann. § 111.022 (West 1992) (emphasis added). The notice date is October 8, 1987. Essentially, the State argues that "audit liability" for the franchise taxes was due and payable on October 8, 1987, a date after the corporate privileges were forfeited, and, therefore, Davis is personally liable for the taxes pursuant to section 171.255.

Retrospective Application of Section 111.022

Section 111.022 was added to the Tax Code by amendment, effective July 21, 1987.[11] Act of July 18, 1987, 70th Leg., 2nd C.S., ch. 1, § 7, 1987 Tex.Gen.Laws 1, 4 (Tex.Tax Code Ann. § 111.022). The State seeks to apply section 111.022 to taxes for tax periods before the amendment's effective date.

Texas law militates strongly against the retroactive application of laws. Texas courts apply statutes retroactively only if it appears by fair implication from the language used that it was the legislature's intention to make it applicable to both past and future transactions. *See* Tex. Const. art. I, § 16; Code Construction Act, Tex.Gov't Code Ann. § 311.022 (West 1988); *Ex parte Abell*, 613 S.W.2d 255, 258 (Tex.1981); *State v. Humble Oil & Ref.*

9. Act of Apr. 2, 1985, 69th Leg., R.S., ch. 31, § 7, 1985 Tex.Gen.Laws 405, 406 (Tex.Tax Code Ann. § 171.152, since amended).

10. This would be true even though the corporate charter had been forfeited if the corporation continued to conduct business in the corporate name after that date. *See* Tex.Tax Code Ann. § 171.001(a) (West 1992).

11. The Act repealed an essentially identical jeopardy-determination provision found in section 151.506 relating to sales, excise, and use taxes. Act of July 18, 1987, 70th Leg., 2d C.S., ch. 1,

§ 8, 1987 Tex.Gen.Laws 1, 4. The legislature is presumed never to do a useless act. *See* Tex. Gov't Code Ann. § 311.021 (West 1988); *Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 551 (Tex.1981). Therefore, there is a purpose in making the jeopardy-determination provision part of chapter 111. Chapter 111 provides for collection procedures for all taxes imposed by title 2. We believe section 111.022 expands the comptroller's duty to issue a jeopardy determination, and the taxpayers' obligation to immediately pay taxes for which a determination issues, to all taxes imposed by title 2.

*Co.*, 141 Tex. 40, 169 S.W.2d 707, 708–09 (1943); *Houston Indep. Sch. Dist. v. Houston Chronicle Publishing Co.*, 798 S.W.2d 580, 585 (Tex.App.—Houston [1st Dist.] 1990, writ denied). We find no words in this statute which indicate a legislative intent that its provisions apply retroactively. Even so, in the absence of an express intention to the contrary, laws merely affecting procedure or remedies may be applied retrospectively. *Brooks v. Texas Employers Ins. Ass'n.*, 358 S.W.2d 412, 414 (Tex.Civ. App.—Houston 1962, writ ref'd n.r.e.). Laws may not operate retroactively to deprive or impair vested substantive rights under existing laws. *Holder v. Wood*, 714 S.W.2d 318, 319 (Tex.1986)

On its face, section 111.022 does not create new tax liability when it otherwise does not exist. The provision implicitly presumes that a jeopardy determination will issue only for a tax that is otherwise "required to be paid to the State." The determination states the amount and the fact that the tax collection is in jeopardy. The comptroller issues the determination because he believes that a delay in the collection of the tax places the tax collection in jeopardy. Accordingly, the amount determined is "due and payable immediately." However, the way in which the State seeks to apply section 111.022 results in a retrospective application that affects substantive rights because it creates director and officer liability under section 171.255 when it otherwise does not exist.

▮ Section 171.255 creates director and officer liability for tax liability imposed by chapter 171 if the taxes become due and payable after corporate privileges are forfeited. Tex.Tax Code Ann. § 171.255 (West 1992). Generally, statutes imposing a corporate franchise tax are liberally construed to effectuate the purpose of their enactment as revenue statutes. *Isbell v. Gulf Union Oil Co.*, 147 Tex. 6, 209 S.W.2d 762, 764 (1948); *Wilburn v. State*, 824 S.W.2d 755, 760 (Tex.App.—Austin 1992, no writ). However, statutes making directors and officers liable for corporate debts must be strictly construed and cannot be extended beyond the clear meaning of their language. *Schwab v. Schlumberger*, 145 Tex. 379, 198 S.W.2d 79, 81 (1946) interpreting Act approved May 16, 1907, 30th Leg., 1st C.S., ch. 23, § 8, 1906–1907 Tex.Gen.Laws 502, 505 (*later codified as* Tex.Rev.Civ. Stat.Ann. art. 7091, *since repealed, and recodified as* Tex.Tax Code Ann. § 171.255 (West 1992)); *Wilburn*, 824 S.W.2d at 760. Additionally, because section 171.255 is penal in nature, it must be strictly construed to protect those individuals against whom liability is sought. *Rogers v. Adler*, 696 S.W.2d 674, 677 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). The provision is meant to prevent wrongful acts of culpable officers of a corporation and is for the protection of the public and particularly those dealing with the corporation. *Schwab*, 198 S.W.2d at 81. Director liability cannot be expanded beyond the clear language of section 171.255.

▮ If section 111.022 is applied retroactively so that the franchise taxes are due and payable on October 8, 1987, director and officer liability under section 171.255 would be expanded beyond that which existed before the effective date of section 111.022. For example, if "1986" refers to the regular annual tax period that began on May 1, 1985, then pursuant to section 171.152, the franchise tax due date for that tax period was March 15, 1985. *See* Act of July 2, 1984, 68th Leg., 2d C.S., ch. 10, art. 3, § 1, 1984 Tex.Gen.Laws 67, 73 (Tex.Tax Code Ann. § 171.152, since amended). Pursuant to section 171.255, Davis would not be liable for that tax, because the due date is before the date the corporate privileges were forfeited on June 24, 1985. Nevertheless, under the State's theory, Davis is personally liable because the notice issued pursuant to section 111.022 establishes that the franchise taxes are due and payable on October 8, 1987, which is after the date the corporate privileges were forfeited. Thus, section 111.022 cannot be retroactively applied to taxes for the tax period beginning May 1, 1985, because to do so affects Davis' substantive rights. However, director and officer liability is not expanded if the notice issued pursuant to section 111.022 is for taxes for the tax period commencing on May 1, 1986, because pursuant

to section 171.152, the due date for these taxes is after the date the corporate privileges were forfeited,[12] and, thus, Davis' substantive rights are not affected. Accordingly, we hold that when the franchise tax due date provided for by section 171.152 occurs before the corporate privileges are forfeited, a subsequent jeopardy determination made pursuant to section 111.022 may not be retroactively applied to establish a franchise tax due date that creates director or officer liability pursuant to section 171.255 when it did not otherwise exist.[13] Because the State's summary-judgment proof fails to establish as a matter of law the tax period for which the tax liability is owed, a genuine issue of material fact exists concerning the date the taxes were due. Similarly, the State has not shown as a matter of law that Davis is liable for the claimed penalties because penalty liability is also determined by reference to the franchise tax due date.[14] The State has failed to show that it is entitled to summary judgment against Davis as a matter of law. Accordingly, the trial court erred in granting the State's motion for summary judgment. We sustain appellant's first point of error.

Davis' Motion for Summary Judgment

 In his second point of error, Davis asserts that the trial court erred in denying his motion for summary judgment because the undisputed facts show that he is entitled to judgment as a matter of law. When both parties move for summary judgment and one motion is granted and the other is overruled, all questions presented to the trial court may be presented for consider-

ation on appeal, including whether the losing party's motion should have been overruled. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988, orig.proceeding); *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400–01 (1958). Davis' burden as movant is to show as a matter of law that no material issue of fact exists for the State's cause of action. *Griffin v. Rowden,* 654 S.W.2d 435, 435–36 (Tex.1983). Davis may accomplish this with summary judgment evidence showing that at least one element of the State's cause of action has been established conclusively against the State. *See Gray v. Bertrand,* 723 S.W.2d 957, 958 (Tex. 1987); *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970).

Davis asserts that no proof exists of any franchise taxes becoming due after June 24, 1985. As we have already determined, there is a genuine issue of material fact concerning when the franchise taxes were due. If the use of the term "1986" in the comptroller's claim refers to the tax period that commenced on May 1, 1986, the due date for that tax period is March 15, 1986.

Davis next asserts that an individual officer or director of a corporation can only be held liable for the corporation's franchise taxes becoming due after the date of forfeiture of corporate privileges and before forfeiture of the corporate charter. However, the corporation could have incurred liability for franchise taxes after its corporate charter was forfeited on December 2, 1985, if it continued to do business in Texas after that date. *See* Tex.Tax Code Ann. § 171.001 (West 1992). Davis submitted no summary-judgment proof that the corporation

---

**12.** Act of Apr. 2, 1985, 69th Leg., R.S., ch. 31, § 7, 1985 Tex.Gen.Laws 405, 406 (Tex.Tax Code Ann. § 171.152, since amended) (March 15, 1986, is due date).

**13.** The State argues that it will rarely if ever be able to collect franchise taxes determined to be due pursuant to an audit. This is not the case. Our holding does not affect the corporation's liability for the franchise taxes. Nor does it prevent the State from holding Davis personally liable for the franchise taxes pursuant to other pleaded theories of liability.

**14.** Section 171.362 specifies the penalties to be imposed for nonpayment of franchise taxes. Section 171.362 provides:

(a) If a corporation on which a tax is imposed by this chapter fails to pay the tax when it is due and payable or fails to file a report required by this chapter when it is due, the corporation is liable for a penalty of five percent of the amount of the tax due.
(b) If the tax is not paid or the report is not filed within 30 days after the due date, a penalty of an additional five percent of the tax due is imposed.
Tex.Tax Code Ann. § 171.362(a), (b) (West 1992).

ceased doing business after its charter was forfeited.

Next, Davis argues that the comptroller's claim names only the corporation as a taxpayer. This is true. However, the comptroller's claim recites that the corporation's officers and directors are liable for the taxes, penalties, and interest. The comptroller's claim names Davis as president of the corporation. Furthermore, Davis' answers to interrogatories establish that he was the president and director of the corporation from 1983 through 1986. Finding no merit to Davis' second point of error, we overrule it.

### CONCLUSION

Davis is liable for the corporation's unpaid franchise taxes and penalties only if they became due and payable after the corporate privileges were forfeited. There is a genuine issue of material fact concerning when the franchise taxes were due. Thus, the State has failed to show that it is entitled to summary judgment against Davis as a matter of law. The trial court, therefore, erred in granting the State's motion for summary judgment. Accordingly, the portion of the trial-court judgment that awards the State recovery against James W. Davis is reversed and that portion of the cause is remanded to the trial court.