Affirmed as Modified and Memorandum
Opinion filed December 8, 2009.

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00458-CV

___________________

 

CITY OF ALVIN, Appellant

 

V.

 

SALLIE ZINDLE, Appellee



 



 

On Appeal from the 239th District Court

Brazoria County, Texas



Trial Court Cause No. 32714 

 



 

 

M E M O R A N D U M  O P I N I O N

 

The
City of Alvin (“the City”) appeals the trial court’s order granting Sallie
Zindle’s motion for summary judgment.  Following on our recent opinion, Pounds
v. Jurgens, No. 14-07-00830-CV, 2009 WL 2232070 (Tex. App.—Houston [14th
Dist.] June 18, 2009, no pet. h.), we modify the trial court’s judgment and
affirm as modified.[1]

I.   Factual and Procedural Background

On
September 1, 1931, J. L. Lemmer, then owner of the land containing the subject
property,[2]
entered into an oil and gas lease with K. H. Smith.  In the lease, Lemmer
expressly reserved one-eighth oil and gas royalties.

In
1989, the City filed suit seeking foreclosure of its tax lien on the subject property,
then owned by Zindle.  In 1991, the trial court signed a default judgment
authorizing the City to foreclose.  An order of sale was also issued, commanding
the sheriff or constables of Brazoria County to seize and sell the property.[3] 


The
City contends it owns the mineral estate of the subject property following
foreclosure and sale, or at least the royalty interest and reversionary
interest (possibility of reverter) in the mineral estate.  Conversely, Zindle seeks
a declaratory judgment that the mineral estate was not the subject of
foreclosure and the royalty interest remains her property.  The record includes
the parties’ first amended stipulation of facts, in pertinent part:

Defendant City of Alvin’s claim to mineral rights is
from a Sheriff’s Deed executed pursuant to the delinquent tax foreclosure of
the surface of property. . . .

At the time of the tax foreclosure, the property was
burdened by a valid and subsisting oil and gas lease, and [Zindle] is a
successor to the lessor.

The oil and gas lease is the only known severance of a
mineral interest in the property.

[Zindle’s] royalty interest was taxed separately from
the surface estate. 

Both
parties filed motions for summary judgment.  The trial court granted Zindle’s
motion and the City appealed to this Court.  City of Alvin v. Zindle,
No. 14-06-01147-CV, 2007 WL 3071999 (Tex. App.—Houston [14th Dist.] Oct. 23,
2007, no pet.).  Because the record contained neither the judgment of
foreclosure nor the order of sale, we could not identify or determine what
property interests were actually conveyed at the foreclosure sale—neither party
presented conclusive proof of title to the property.  Id. at *2.  Consequently,
we reversed the summary judgment and remanded to the trial court for further
proceedings.  Id. at *3.   

Both
parties filed supplements to their respective motions for summary judgment. 
Now, the appellate record includes the judgment of foreclosure and order of
sale.[4]  On March 7,
2008, the trial court granted Zindle’s motion, holding in relevant part:

That the mineral estate underlying the foreclosed
property has been severed from the surface [since execution of the 1931 oil and
gas lease][5];

That such estate is not subject to any order of foreclosure
arising from Defendant’s claims concerning delinquency of taxes on the surface
estate [; and]

That Plaintiff’s royalty interest and reversionary
interest in the mineral estate remain her property.

II.   Issues
Presented and Standard of Review

On
appeal, the City presents three principal arguments in support of its
contention that the trial court erred in denying its motion and granting
Zindle’s: (1) the trial court erred in determining the mineral estate was
severed from the surface estate since execution of the 1931 oil and gas lease;
(2) the trial court erred in holding the mineral estate was not subject to the
tax-delinquency sale of the surface estate; (3) the trial court erred in concluding
Zindle’s royalty and reversionary interests are her property subsequent to the
tax-delinquency sale. 

Under
well-established standards governing traditional motions for summary judgment,
the movant must show there is no genuine issue of material fact and he is
entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  We review a summary
judgment de novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661
(Tex. 2005).  We take as true all evidence favorable to the nonmovant, and we indulge
every reasonable inference and resolve any doubts in the nonmovant’s favor.  Id. 
When, as in this case, both parties move for summary judgment on the same
issues and the trial court grants one motion and denies the other, we review
the summary judgment evidence presented by both parties, determine all
questions presented, and render the judgment the trial court should have
rendered.  Id.

III.   Analysis

We
begin with the City’s contention the trial court erred in holding that the
mineral estate was severed from the surface estate.  Our holding in Pounds
is dispositive.

In
Pounds, we addressed whether an oil and gas lease resulted in severance
of any portion of the mineral estate from the surface estate.  Pounds, 2009
WL 2232070, at *4–5.  The original lessor in Pounds owned both the
surface and mineral estate in a certain piece of property.  Id. at *1. 
In entering into an oil and gas lease, she reserved only a fractional royalty
interest, which we explained meant the lessee acquired title to all the oil and
gas in place, leaving the lessor as owner of a fractional royalty interest and
possibility of reverter.  Id. at *4-5.[6]  In short, only
a partial severance of the mineral estate occurred,[7] and “the fractional
interest in the royalty and the possibility of reverter were never severed from
the surface estate.”  Id. at *5; see also Sutton v. Green, No.
14-01-01043-CV, 2002 WL 1489347, at *3 (Tex. App.—Houston [14th Dist.] July 11,
2002, no pet.) (not designated for publication) (holding that an oil, gas, and
mineral lease with only a royalty interest reserved to lessor effected a
partial severance of the mineral estate).  

Applying
this law, when the lessor of the oil and gas lease encumbering Zindle’s property
reserved the one-eighth royalty interest, the lessee received a fee simple
determinable in all the oil and gas in place, and the lessor owned a fractional
royalty interest and possibility of reverter, both of which remained unsevered
from the surface estate.  However, as in Pounds, this conclusion does
not answer whether these interests were subject to a tax-delinquency foreclosure
and sale where taxes were owed only on the surface estate.

The
City argues that the non-delinquent status of taxes on Zindle’s mineral estate interests
is completely separate from whether Zindle’s mineral estate interests were
conveyed with the surface estate.  According to the City, if Zindle had voluntarily
conveyed her surface estate without reserving a royalty interest, the grantee
would acquire both; therefore, the purchaser of Zindle’s surface estate at the
tax foreclosure sale should not be treated differently.  What this argument
misses, however, is the concept of “authority to sell.”  Obviously, Zindle had
the right to sell whatever interests she owned in the land.  The sheriff at a
foreclosure sale, however, has limited authority to sell the interests the
court ordered to be sold; any sale exceeding this authority is void.  Zindle,
2007 WL 3071999, at *1–2 (citing Clint ISD v. Cash Inv., Inc., 970
S.W.2d 535, 538 (Tex. 1998); Mills v. Pitts, 48 S.W.2d 941, 942, 121
Tex. 196, 199 (Tex. 1932); Sani v. Powell, 153 S.W.3d 736, 742 (Tex.
App.—Dallas 2005, pet. denied)).  Consequently, the sheriff cannot legally
convey property interests that are not foreclosed upon and ordered sold.  Id.
at *2.

For
mineral estate interests owned by the surface estate owner “to be taken in a
tax foreclosure of the surface, those interests must have been taxed together
with the surface and thus have been similarly delinquent and subject to the
foreclosed tax lien.”  Pounds, 2009 WL 2232070, at *5.  Here, it is
stipulated Zindle’s royalty interest was taxed separately from the surface
estate.  Further, the City admitted in its summary judgment response that Zindle
was not delinquent in payment of taxes on the royalty interest.  See Holy
Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 568 (Tex. 2001)
(determining party’s agreement of certain fact in its response was a judicial
admission of that fact).  There is no language in either the judgment of
foreclosure or order of sale expressing that Zindle’s separate mineral
interests were to be included in the sale.  Instead, there is a description of
the surface estate and the lien that was filed because of Zindle’s tax
delinquencies.  Because the trial court’s judgment of foreclosure and
order of sale did not authorize the sale of the separately-taxed royalty
interest, the royalty interest was necessarily excepted[8] and severed from the
surface estate, at the time of the tax- delinquency sale.  See Pounds,
2009 WL 2232070, at *5.

This
result is supported by long-held tax policy: “The citizen always has the right
to pay the amount of any one tax listed against him, or as held in some
jurisdictions, to pay the tax on any one item or piece of property which has
been separately assessed, without offering to pay the taxes on other parts.”  Richey
v. Moor, 112 Tex. 493, 499, 249 S.W. 172, 174–75 (1923).  The citizen may
not have sufficient funds to pay all of the taxes assessed against each of his
properties, and thus, may choose to pay the taxes on some properties while
allowing the lien on others to be foreclosed.  See State Mortgage Corp. v.
Ludwig, 35 S.W.2d 267, 268 (Tex. Civ. App.—San Antonio 1931) (“Where there
are several tracts of land, the citizen should be granted the privilege of
paying the taxes on one or more of the tracts he wishes to retain and leaving
the others to their fate.  It may be that he is unable to pay the entire tax,
but there may be a tract peculiarly dear to him, the taxes against which he can
pay, and justice will accord to him this privilege.”), rev’d on other
grounds, 121 Tex. 268, 48 S.W.2d 950 (1932). 

This
policy applies to the present situation involving separately taxed interests on
a single property.  It is not inconceivable that a land owner, with limited funds,
would pay those taxes assessed on productive royalty interests and not pay taxes
on the non-income-producing surface estate.  Notwithstanding Zindle’s
motivation, she could exercise the option to pay the taxes on her royalty
interests and elect not to pay taxes assessed against the surface estate. 
Accordingly, we hold Zindle’s royalty interest was not subject to foreclosure.  


The
possibility of reverter presents a separate question.  Zindle’s possibility of
reverter is a non-taxable interest.  See Pounds, 2009 WL 2232070, at
*6.  Because the possibility of reverter was unsevered from the surface estate
and not subject to taxation, there was no “impediment to foreclosure and sale
of the possibility of reverter as an interest running with the surface
estate.”  Id.  Consequently, the City acquired Zindle’s possibility of
reverter in the mineral estate at the foreclosure.

IV.   Conclusion

In
light of the foregoing, we sustain those portions of the City’s first and
second issues in which it argues that the royalty interest and possibility of
reverter remained unsevered from the surface estate following execution of the
oil and gas lease.  We also sustain those portions of the City’s first and
second issues in which it argues that Zindle’s possibility of reverter was
conveyed to the City at foreclosure.  The City’s contention that Zindle’s
royalty interest was transferred to the City at foreclosure is overruled.  Accordingly,
we modify the trial court’s judgment to reflect that Zindle’s motion for
summary judgment is granted in part and denied in part, and we substitute the
following paragraphs for paragraphs 1 through 5 of the judgment:

1.      Plaintiff’s royalty interest in the mineral estate was
not subject to foreclosure arising from Defendant’s claim of tax delinquency on
the surface estate;

2.     
Plaintiff’s royalty interest in
the mineral estate was severed from the surface estate when the surface estate
was sold at the 1991 tax-delinquency sale;

3.     
Plaintiff retains her royalty
interest in the mineral estate;

4.     
The City owns the reversionary
interest in the mineral estate;

5.     
All relief not expressly granted
herein is hereby denied; and

6.     
This is a final judgment disposing
of all issues, parties, and claims.

We affirm the trial court’s judgment as modified.

 

                                                                                                                                                                                                                                                

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

Panel consists of Chief Justice Hedges and Justices Seymore and Sullivan.









[1] Because the dispositive issues are clearly settled in
law, we issue this memorandum opinion.  See Tex. R. App. P. 47.4.





[2] “An undivided 1/27 interest in 5.56 acres, Lot 39,
Abstract 366, T. Spraggins Survey, same property described in Volume 810, Page
418, Official Records, Brazoria County, Texas 366-1059-000.”





[3] These documents name the defendant to the foreclosure
action as “Sallie L. Spencer Hoffman.”  It is undisputed “Sallie Zindle” is the
same person.





[4] Zindle’s supplement contained only a portion of the
judgment of foreclosure, whereas the City attached the entire judgment of
foreclosure.  While a movant generally bears the burden of presenting evidence
to establish conclusively its right to summary judgment, where both parties
file motions for summary judgment, the court may consider both parties’ summary
judgment evidence in determining whether to grant either motion.  See Knighton v. Int’l Bus. Machs. Corp., 856 S.W.2d 206, 208–09 (Tex. App.—Houston
[1st Dist.] 1993, writ denied); River Oaks Shopping Ctr. v. Pagan, 712
S.W.2d 190, 193 (Tex. App.—Houston [14th Dist.] 1986, writ ref’d n.r.e.).





 

[5] The trial court’s order granting Zindle’s motion for
summary judgment does not expressly state the severance occurred at the time of
the 1931 oil and gas lease.  We infer such based on the arguments Zindle made
in her motion.





[6] See Natural Gas Pipeline Co. of Am. v. Pool,
124 S.W.3d 188, 192 (Tex. 2003) (explaining that oil and gas leases typically
give the lessee a fee simple determinable, leaving the lessor with a
possibility of reverter).





[7] “A mineral estate consists of five interests: 1) the
right to develop, 2) the right to lease, 3) the right to receive bonus
payments, 4) the right to receive delay rentals, and 5) the right to receive
royalty payments.”  French v. Chevron U.S.A. Inc., 896 S.W.2d 795, 797
(Tex. 1995).





[8] “Necessarily” because the sale would violate Article
VIII, section 15 of the Texas Constitution if the non-delinquent royalty
interest were included in order of sale.  See Pounds, 2009 WL
2232070, at *5.