**CURRY AUTO LEASING, INC., Appellant,**

v.

**J. William BYRD, John N. Johnson, and Robert M. Bryson, individually and d/b/a Physicians Accounting Services, Inc., Appellees.**

No. 05–83–01387–CV.

Court of Appeals of Texas, Dallas.

Dec. 18, 1984.

**110**

Martin Barenblat, Barenblat & Wolovits, Dallas, for appellant.

Forrest R. Carlton, Smith, Miller & Carlton, Dallas, for appellees.

Before GUITTARD, C.J., and CARVER and CHADICK[1], JJ.

CHADICK, Justice.

This is a breach of contract case. The plaintiff, a Texas corporation, undertook to recover damages from defendants, a Texas corporation and its president, vice-presi-

---

dent, secretary, and treasurer, each of whom was a director of the corporation. The only question is the liability of the individual defendants on a contract made by the corporation before its corporate privileges were forfeited because of failure to pay franchise taxes. The trial court denied recovery, and we affirm.

Plaintiff, Curry Auto Leasing, Inc., as lessor, and defendant, Physicians Accounting Services, Inc., as lessee, entered into a motor vehicle lease agreement on December 1, 1980, in Dallas County, Texas. The lease stipulated a term of forty-eight months and a monthly rental of $500.57. Possession of the rental automobile, a 1981 Lincoln, was delivered to Physicians Accounting Services. On September 15, 1982, the corporate privileges of Physicians Accounting Services were forfeited by the Comptroller of Public Accounts of the State of Texas, pursuant to TEX.TAX CODE ANN. §§ 171.251–171.255 (Vernon 1982), and were not revived at any pertinent time.

No evidence was introduced at the trial; instead the parties filed a stipulation of facts of the case in the trial court containing a provision that the court might draw reasonable inferences and conclusions from the facts stipulated. A jury was waived and the case was decided by the judge. At Curry Auto's request the judge made and filed findings of fact and conclusions of law.

Physicians Accounting Services failed to pay the monthly rental due for May 1982 and thereafter. Curry Auto terminated the lease and thereafter repossessed the rented vehicle on September 10, 1982. The lease contained, among its several provisions, the following:

> At the election of lessee, the lease term covering any vehicle leased hereunder may be terminated by lessee at any time prior to the expiration of said lease term,

---

**1.** The Honorable T.C. CHADICK, Associate Justice, Supreme Court of Texas, Retired, sitting by

assignment.

by giving lessor thirty (30) days written notice of termination.

All vehicles with respect to which the lease term thereof and this agreement has terminated shall be sold, at wholesale, by Lessor to the highest bidder. If such vehicle is sold for an amount in excess of the undepreciated balance of Curry Auto Leasing's cost of such vehicle, if any, such excess shall be deemed to be and is hereinafter referred to as "profit". If such vehicle is sold for an amount which is less than the undepreciated balance of Curry Auto Leasing's cost of such vehicle, the deficiency shall be deemed to be and is hereinafter referred to as "loss". Promptly after the sale of said vehicle Lessor shall deliver to Lessee an accounting and information statement showing the amount of profit or loss.

Final settlement between the parties hereto with respect to each vehicle sold, pursuant to the terms and provisions of this agreement, shall be made within fifteen (15) days after delivery of the accounting and information statement.

If the sale of such vehicle resulted in a profit as defined herein, eighty (80%) per cent of such profit shall be paid to Lessee by Lessor and twenty (20%) per cent of such profit shall be retained by Lessor.

If the sale of such vehicle resulted in a loss, as defined herein, Lessee shall pay to Lessor the full amount of such loss.

In October 1982 Curry Auto sold the repossessed Lincoln automobile in accordance with the contract and suffered a loss under its terms of $6,499.82. After repossession of the Lincoln, Curry Auto paid $27.00 storage fees, and in September 1982 Curry Auto charged Physicians Accounting Services' account with $10.00 late payment fee that became due when rental for September was not paid on September 1st. These items were all ascertained, paid, or charged after Curry Auto exercised its option to terminate the rental contract and after Physicians Accounting Services' corporate privileges had been forfeited. No provision of the contract allowed the corporate officers to suspend Curry Auto's option to act under the quoted provision. The trial court awarded Curry Auto judgment against Physicians Accounting Services for the sum of these items along with interest, attorney's fees, and cost, but entered a take nothing judgment in favor of the corporate officers.

Curry Auto's single point of error presents for review its contention that the loss on disposition of the rented vehicle, the late payment fee, and storage fee are as a matter of law debts of Physicians Accounting Services that were created or incurred after its corporate privileges were forfeited on September 15, 1982. Section 171.255, in the part particularly relevant to the issues here, provides that each director or officer of a corporation which has had its corporate privilege forfeited is "liable for each debt of the corporation that is created or incurred" after the date of the act or omission causing the forfeiture and before corporate privileges are revived.

The problem to be resolved is whether, under the facts and circumstances shown by the record, the several items set out above were debts created or incurred after Physician Accounting Services' corporate privileges were terminated. Provisions of import similar to those of section 171.255 in a predecessor statute were construed in *Schwab v. Schlumberger Well Surveying Corp.*, 145 Tex. 379, 198 S.W.2d 79 (1946). In *Schwab* the corporate officers had renewed and extended a promissory note after forfeiture of its corporate privileges. The court stated:

Such statutes, though held to be remedial in some instances, are also penal in nature, and it is generally held that they must be strictly construed and cannot be extended beyond the clear import of their language.

It will be noted that the statute involved fixes liability upon the directors and officers of a corporation only for debts "created or incurred" after the forfeiture of the corporation's right to do business. The word "create" means "To

bring into existence something which did not exist." 10 Words and Phrases, Perm.Ed., p. 331, *Roth v. State,* 158 Ind. 242, 63 N.E. 460, 469. The word "incur" is defined in *Ashe v. Youngst,* 68 Tex. 123, 125, 3 S.W. 454, 455, as " 'Brought on,' 'occasioned,' or 'caused.' " In view of these definitions no debt was "created" or "incurred" by the renewal of the note because the obligation theretofore existed. It thus seems obvious that the liability imposed under the statute is only for debts contracted after the forfeiture of the right to do business, and has no application to the renewal of obligations arising prior thereto. *Providence Steam-Engine Co. v. Hubbard,* 101 U.S. 188, 11 OTTO 188, 25 L.Ed. 786; 13 Am.Jur. 1008, Sec. 1071.

145 Tex. at 382, 198 S.W.2d at 81.

Strictly construed and limited by the facts of this case, the statute does not impose liability on the officers of Physicians Accounting Services if the obligations, circumstances, conduct, or transactions that create or incur the debt in question pre-existed the forfeiture.

 When parties enter into a contract the law presumes they intend the consequences of its performance. *James Stewart & Co. v. Law,* 149 Tex. 392, 233 S.W.2d 558 (1950). It follows that performance or implementation of the contractual provisions relate back to and are authorized at the time of execution of the contract. No argument is made that a sum of money is due Curry Auto under a new, different, separate, or independent agreement between the parties made after September 15, 1982. The stipulated facts and the court's findings of fact clearly show that the debt plaintiff sought to recover from defendant corporate officers was authorized by the rental agreement and, therefore, was brought into existence, caused by, resulted from, or arose out of the performance or implementation of the provisions of the rental contract at the time Curry Auto opted to terminate the contract on or before September 10, 1982. The items in question, as debts of the corporation, relate back to Physicians Accounting Services' promise to pay made in the rental contract executed December 1, 1980. No debt for which the corporate officers are liable is shown to have been "created or incurred" after the forfeiture.

Curry Auto is not understood to urge that the reduction of its damages to judgment converted the sum thereof into new indebtedness created or incurred after forfeiture. Nevertheless, it is worthwhile to note that the principles of strict construction enunciated in *Schwab* would prohibit this construction. Under this prohibited construction, officers and directors would become liable for any judgment rendered after forfeiture, regardless of when the debt on which the judgment is based was created or incurred.

Appellant's point of error is overruled, and the judgment of the trial court is affirmed.