Frances ROGERS, Appellant,

v.

Robert M. ADLER and B. Michael Adler, Appellees.

No. 05–84–01049–CV.

Court of Appeals of Texas, Dallas.

Aug. 15, 1985.

Rehearing Denied Sept. 16, 1985.

Robert E. Hall, Houston, for appellant.

Tedford E. Kimbell, Short & Kimbell, Dallas, for appellees.

Before GUITTARD, C.J., and AKIN and STOREY[1], JJ.

STOREY, Justice (Retired).

Frances Rogers, a judgment creditor of Dycon International Inc., sued Robert M. and B. Michael Adler seeking to hold them individually liable for the corporation's debt. Rogers appeals from a summary judgment granted the Adlers. She contends on appeal that summary judgment should have been granted in her favor rather than for the Adlers because the undisputed facts reveal that: (1) the Adlers at all pertinent times were officers and directors of Dycon; (2) her claim against Dycon was one sounding in tort rather than contract; (3) her claim against Dycon did not become a debt until reduced to judgment; (4) her judgment against Dycon was rendered at a time when Dycon's charter was in forfeiture for failure to pay franchise taxes; and (5) her debt, therefore, was "created or incurred" after forfeiture and before revival and, thus, imposed liability upon the officers and directors of the corporation under section 171.255 of the Texas Tax Code. We hold that the debt here sued upon was not "created or incurred" after forfeiture of the corporate charter within the meaning of section 171.-255 and, consequently, affirm.

The facts are undisputed. Rogers and Dycon commenced negotiations for the purchase and sale of a pre-recorded telephone solicitation system in August 1977. The negotiations resulted in a written contract dated August 29, 1977. Rogers became dissatisfied with Dycon's performance of the contract and, in 1979, filed suit for damages. On February 22, 1982, Dycon's charter was forfeited for failure to report and pay its franchise taxes. On February 15, 1983, Rogers was awarded judgment against Dycon.

Rogers' suit against Dycon sought money damages only—"the amount expended and punitive damages." The petition alleged four distinct grounds for recovery: fraud in the inducement, simple breach of contract, breach of fiduciary duty "under the contract," and violation of the Deceptive Trade Practices Act. The judgment merely recited "that Frances Rogers have and recover from Dycon International Inc. the sum of Fifty Thousand Dollars ($50,-000) with interest." The Adlers had knowledge of the pendency of the suit against

1. The Honorable Charles H. Storey, Justice, Fifth Court of Appeals, Dallas, retired, sitting by assignment.

Dycon and of the entry of judgment against it.

Rogers later filed the present action against the Adlers alleging their individual liability as officers and directors under section 171.255. This section provides in part:

## LIABILITY OF DIRECTORS AND OFFICERS

(a) If the corporate privileges of a corporation are forfeited for the failure to file a report or pay a tax or penalty each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax or penalty is due and before the corporate privileges are revived. The liability includes liability for any tax or penalty imposed by this chapter on the corporation that becomes due and payable after the date of the forfeiture.

(b) The liability of a director or officer is in the same manner and to the same extent as if the director or officer were a partner and the corporation were a partnership.

TEX.TAX CODE ANN. § 171.255(a) & (b) (Vernon 1982). Rogers concedes that the prevailing case law construing the Code section is represented by cases such as *Schwab v. Schlumberger Well Surveying Corp.,* 145 Tex. 379, 198 S.W.2d 79 (1946), and *Roylex v. Langson Bros. Construction Co.,* 585 S.W.2d 768 (Tex.Civ.App.—Houston 1979, writ ref'd n.r.e.). In *Schwab* the corporation, after forfeiture, executed a note in renewal of one which had been executed before forfeiture. The court observed that "no debt was 'created' or 'incurred' by the renewal note because the obligation theretofore existed." The court stated:

> It thus seems obvious that the liability imposed under the statute is only for debts contracted after the forfeiture of the right to do business and has no application to the renewal of obligations arising prior thereto.

*Schwab,* 198 S.W.2d at 81.

In *Roylex,* the court held:

> The contract which Roylex is suing on was entered into almost three years earlier ... and the work done under it had long since been completed before the charter was forfeited. A forfeiture at that time did not make the shareholders or officers liable on the contract.

*Roylex,* 585 S.W.2d at 773.

While conceding the validity of these authorities, Rogers nevertheless insists that her case is distinguishable in that her claim against Dycon sounded in tort rather than contract. In urging this distinction, Rogers focuses upon the term "debt" as being dispositive of the question before us. "Debt" has been defined as:

> [A] specified sum of money owing from one person to another including not only an obligation of a debtor to pay but the right of a creditor to receive and enforce payment.

*Seay v. Hall,* 677 S.W.2d 19, 23 (Tex.1984) (*citing* BLACK'S LAW DICTIONARY 363 (5th ed. 1979)). Rogers argues that her claim against Dycon, sounding in tort, was not a "specified sum of money," hence not a debt, until it was reduced to judgment on February 15, 1983. Thus, according to Rogers, her debt was "incurred" at a time when Dycon's charter was in forfeiture. We disagree with Rogers' conclusion for two reasons.

First, while we adhere to the supreme court's definition of "debt" as being an obligation for a specific sum, we are persuaded that it cannot be so narrowly applied within the context of the Code section before us. Section 171.255 is said to be remedial in nature—that is, to assist and assure the prompt reporting and payment of taxes. If the section were only remedial, an argument could be made for the construction here urged by Rogers. For example, under Rogers' theory the Adlers could pay the taxes and revive the corporation at any time after suit was filed but before judgment and, thus, avoid individual liability while at the same time assuring the collection of taxes by the state.

But the Code section is also held to be penal in nature and must be strictly construed to protect those individuals against whom liability is sought. *Schwab,* 198 S.W.2d at 81. We conclude that a strict construction of the statute would prohibit the imposition of liability in a case, such as here, where all of the operative facts occurred at least four years before the charter was forfeited. The mere fact that the amount of money owed to Rogers as damages was unspecified at the time of the forfeiture does not establish that the debt was created or incurred after forfeiture.

An analogous situation was presented to this Court in *Curry Auto Leasing, Inc. v. Byrd,* 683 S.W.2d 109 (Tex.App.—Dallas 1984, no writ). Curry's suit arose from an automobile lease contract. The lease was executed about two years before the lessee's corporate charter was forfeited. Curry's damages were not ascertained, however, until a time after the charter was forfeited when the automobile was repossessed and sold at auction. Curry contended that the loss on disposition, that is, the auction, a late payment fee, and storage charges were as a matter of law debts of the corporation "created or incurred" after forfeiture of the corporate charter. In affirming the judgment in favor of the individual officers and directors, this court stated:

> No argument is made that a sum of money is due Curry Auto under a new, different, separate or independent agreement between the parties made after [forfeiture] ... the debt [Curry] sought to recover ... was authorized by the rental agreement and therefore was *brought into existence, caused by, resulted from, or arose out of* the performance or implementation of the provisions of the rental contract. [Emphasis added].

*Curry,* 683 S.W.2d at 112. To no lesser extent the damages recovered by Rogers against Dycon were brought into existence, caused by, resulted from, or arose out of the purchase contract with Dycon dated

August 29, 1977 albeit her claim was not reduced to debt until February 15, 1983.

Rogers urges, however, that *Curry* is distinguishable because in *Curry* the suit was one upon contract rather than one "sounding in tort." We are persuaded that, as applied to the case before us, the distinction is one· without a difference. This is true because the major premise forming the basis for Rogers' argument is not that her claim "sounded in tort," but, instead, that no *debt* was in existence, that is, *incurred* until her claim was reduced to judgment.

Nevertheless, Rogers' attempt at distinction leads us to a second reason that we are unable to agree with her conclusion. This reason arises from an analysis of her pleadings in the cause of action asserted against Dycon.

Rogers first alleged that she was led to enter into the August 29, 1977, contract by false representation made by an agent of Dycon. These allegations add up to an action for fraud in the inducement for which she would generally be entitled to rescission. She sought recovery for "the amount expended." Rogers' next count sued for simple breach of the contract, that is, failure to furnish a "turnkey system" composed of new devices. She next alleged a "breach of fiduciary duty *under the contract*" for which she sought punitive damages. Finally, she sought damages under the Deceptive Trade Practices Act. Thus, it is seen that all claims asserted by Rogers against Dycon related back to the contract of August 29, 1977, and are essentially claims based on contract despite the allegations of fraud and breach of fiduciary duty. Following the strict construction principle mandated by *Schwab v. Schlumberger Well Surveying Corp.*, with respect to section 171.255, we hold that no debt for which the corporate officers are liable is shown to have been created or incurred after forfeiture.

Our holding in this respect should not be taken as favoring a construction of Section 171.255 which would impose individual liability for purely tortious acts committed by

a corporation or its agents before forfeiture but reduced to debt after forfeiture. We do not consider this question to be presented by the facts of this case and, therefore, expressly reserve opinion on the question.

Affirmed.