**David W. McKINNEY, Individually, Appellant,**

v.

**James N. ANDERSON d/b/a Texas Executive Leasing, Appellee.**

**No. 01–87–0134–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 9, 1987.

James D. Squier, Blakeney, Bourque & Squier, Houston, for appellant.

Scott P. Zoppoth, Webb, Zimmerman, Fischman, Flaum & Glesby, Houston, for appellee.

Before LEVY, WARREN and DUGGAN, JJ.

## OPINION

LEVY, Justice.

Appellant, David W. McKinney, appeals the trial court's order granting appellee's motion for summary judgment. In his sole point of error, appellant claims that the trial court erred in granting the motion because he was not liable to appellee in his individual capacity.

The record reveals that Universal Staffing, Inc. ("Universal"), a Texas corporation, entered into an equipment lease with appellee, James N. Anderson, doing business as Texas Executive Leasing, on February 4, 1982. The lessee designated on the contract was Universal, not the present appellant, and the lease payments were not guaranteed by appellant or by any other person or entity. Pursuant to the contract, Universal agreed to pay a total amount of $42,376.72 as rental payments to appellee, in semi-annual installments of $5,297.09. The first rental payment was due on the fourth day of August, 1982, and Universal paid it. When Universal failed to make any further rental payments, appellee declared Universal in default, exercised his option to repossess the equipment leased to Universal, and sold it for $10,000.00. Appellee credited to Universal's account as an offset the prior rental payment, the depos-

it, and the money he received from selling the equipment, and on May 15, 1986, he sued both Universal and David W. McKinney, individually, to recover the $26,079.63 balance, plus interest and attorney's fees.

On October 31, 1986, appellee filed a motion for summary judgment, alleging that there were no issues of material fact and that as a matter of law, Universal was a mere conduit for appellant's personal business, because Universal allegedly did not pay its franchise taxes or file its annually required franchise tax reports at any time during its corporate existence. Appellant filed a response to the motion alleging that there were genuine issues of material fact, and that appellee did not show that Universal was not in good standing as a chartered corporation at the time the lease was executed. Appellant also argued that the Secretary of State of Texas issued a Certificate of Incorporation for "Universal Staffing, Inc.," on October 2, 1981, following the payment of the necessary fees, including advance payment of franchise taxes, that the corporation was in active operation as a wholly separate entity from David W. McKinney at the time the lease was executed, and that Universal had, at all relevant times, multiple shareholders and employed in excess of 15 persons, on and for whom taxes were paid and benefits provided.

Appellee relies on Tex.Tax Code Ann. sec. 171.255(a) and (b) (Vernon 1982). These sections read:

(a) If the corporate privileges of a corporation are forfeited for the failure to file a report or pay a tax or penalty, each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived. The liability includes liability for any tax or penalty imposed by this chapter on the corporation that becomes due and payable after the date of the forfeiture.

(b) The liability of a director or officer is in the same manner and to the same extent as if the director or officer were a partner and the corporation were a partnership.

Appellant alleges that these sections of the Tax Code are inapplicable because the corporation was in good standing when the lease was executed in early 1982. The record reveals that Universal did not suspend operations until December 31, 1982, at which time Universal wrote a letter to the Secretary of State advising the Secretary that the last day of corporate business was December 31, 1982. Appellee also admits in its motion for summary judgment that Universal's corporate charter was not forfeited until February 20, 1984, for its failure to pay taxes.

■ Under section 171.255, individual liability is imposed only for debts contracted *after* the forfeiture of the right to do business, and has no application to obligations arising or renewed prior thereto. *River Oaks Shopping Center v. Pagan*, 712 S.W.2d 190, 192 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). In determining whether a debt has been created or incurred, a court should strictly construe this statutory language to protect individuals against whom recovery of such quasi-penal damages is sought. *Schwab v. Schlumberger Well Surveying Corp.*, 145 Tex. 379, 382, 198 S.W.2d 79, 81 (1946); *Rogers v. Adler*, 696 S.W.2d 674, 677 (Tex. App.—Dallas 1985, writ ref'd n.r.e.). In *Curry Auto Leasing, Inc. v. Byrd*, 683 S.W.2d 109 (Tex.App.—Dallas 1984, no writ), a lease was executed two years before the corporate charter was forfeited. The court held that:

No argument is made that a sum of money is due Curry Auto under a new, different, separate, or independent agreement between the parties made after [forfeiture] ... the debt [Curry] sought to recover ... was authorized by the rental agreement and, therefore, was brought into existence, caused by, resulted from, or arose out of the performance or implementation of the provisions of the rental contract.

*Curry Auto Leasing*, 683 S.W.2d at 112.

■ Likewise, this debt resulted from the equipment lease agreement executed

by the parties on February 4, 1982. As such, strictly construing the language of section 171.255, this debt arose on February 4, 1982, and cannot be said to have been "created" or "incurred" on or after the dates that the semi-annual payments were due. We therefore must examine whether Universal was in good standing on the date of the lease agreement.

Tex.Tax Code Ann. sec. 171.151(1) (Vernon Supp.1987) provides:

The franchise tax shall be paid for each of the following:

(1) an initial period beginning on the date that the corporation files its charter or is granted a certificate of authority ... and ending on the day before the first anniversary of that date....

Tex.Tax Code sec. 171.201(b) (Vernon Supp. 1987) states:

The corporation shall file the report on or before the date the payment is due under Subsection (a) of section 171.152.

Tex.Tax Code sec. 171.152(a) (Vernon Supp. 1987) states:

Payment of the tax covering the initial period is due within 90 days after the date that the initial period ends or, if applicable, within 91 days after the date of the merger.

It is clear from the above statutes that Universal was not required to file its first franchise tax report until 90 days after the ending of the "initial period," defined as the time period beginning on the date of the granting of the charter (October 2, 1981) and ending on the day before the first anniversary of that date (October 1, 1982). In addition, payment of the tax covering the initial period was also due within 90 days after October 1, 1982. Appellee has accordingly failed to show that Universal was not in good standing on February 4, 1982, the date that the lease contract, which gave rise to the indebtedness in question, was executed. No franchise tax or tax report was then due, nor was there proof of any other corporate obligation then unmet. A court is required to strictly construe the creation of *individual* indebtedness under section 171.255, and ap-pellee has accordingly failed to show that appellant is liable under this section.

In his motion for summary judgment, appellee alleged that Universal was a mere "shell" for appellant, to which appellant has offered controverting evidence that established the existence of a material fact issue. Appellant did not file a summary judgment motion and there is no question of affirmative relief for the appellant now before us, but only that appellee has not proved his right to recover as a matter of law under section 171.255.

Appellant's sole point of error is sustained, the summary judgment is set aside, and the case is remanded to the trial court for further proceedings consistent with this opinion.