**DAE WON CHOE, d/b/a C & D Sewing Co., Appellant,**

v.

**CHANCELLOR, INC. and Janell Hatley, Appellees.**

**No. 05–91–00360–CV.**

Court of Appeals of Texas, Dallas.

Jan. 16, 1992.

Millard O. Anderson, Jr., Dallas, for appellant.

Elizabeth Gilday, Dallas, for appellees.

Before STEWART, THOMAS and WHITTINGTON [1], JJ.

## OPINION

STEWART, Justice.

Dae Won Choe, d/b/a C & D Sewing Co., appeals from a summary judgment rendered in favor of Janell Hatley. In one point of error, Dae Won Choe contends that the trial court erred in granting Hatley's motion for summary judgment and in denying his motion for summary judgment. We reverse the trial court's judgment and remand this cause to the trial court for further proceedings consistent with this opinion.

---

1. The Honorable John Whittington, Justice, participated in this cause at the time it was submitted for decision. Because of his resignation December 31, 1991, he did not participate in the issuance of this opinion.

## FACTS

This appeal arises out of a suit on a sworn account. Chancellor, Inc. was required by law to file a State franchise report with the Texas State Comptroller and to pay franchise taxes on March 15, 1988. On March 15, 1988, Chancellor, Inc. entered into a contract with Dae Won Choe for Dae Won Choe, d/b/a C & D Sewing Co., to perform services for the corporation. This work was completed over the period from March 15, 1988 through March 24, 1988. As a result of the services rendered, Chancellor, Inc. owed Dae Won Choe the sum of $10,018. The corporation did not file its franchise report or pay franchise taxes due on March 15, 1988. On June 24, 1988, Chancellor, Inc.'s corporate right to do business was forfeited. On December 5, 1988, Chancellor, Inc.'s corporate charter was forfeited by the Secretary of State of Texas. At all times material to the foregoing transactions and events, Hatley was president and chief executive officer of Chancellor, Inc.

Dae Won Choe sued Hatley individually, seeking to impose liability upon her for the debts incurred by Chancellor, Inc. pursuant to the provisions of section 171.255 of the Texas Tax Code.

## STANDARD OF REVIEW

■ Summary judgment may be rendered only if the pleadings, depositions, admissions, and affidavits show (1) that there is no genuine issue as to any material fact and (2) that the moving party is entitled to judgment as a matter of law. TEX. R.CIV.P. 166a(c); *Rodriguez v. Naylor Indus., Inc.*, 763 S.W.2d 411, 413 (Tex.1989). A summary judgment seeks to eliminate patently unmeritorious claims and untenable defenses, not to deny a party its right to a full hearing on the merits of any real issue of fact. *Gulbenkian v. Penn*, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952).

■ Under rule 166a, both the plaintiff and the defendant may move for summary judgment. When both parties move for summary judgment, each party must carry its own burden, and neither can prevail because of the failure of the other to discharge its burden. *Cove Inv., Inc. v. Manges*, 602 S.W.2d 512, 514 (Tex.1980). To prevail on a summary judgment, a plaintiff must conclusively prove all the elements of the cause of action as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972); TEX.R.CIV.P. 166a. In contrast, a defendant as movant must either (1) disprove at least one element of each of the plaintiff's theories of recovery or (2) plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex.1979). Because both parties moved for summary judgment, this Court considers all evidence accompanying both motions in determining whether the trial court properly granted either party's motion. *Edinburg Consol. I.S.D. v. St. Paul Ins. Co.*, 783 S.W.2d 610, 612 (Tex.App.—Corpus Christi 1989, error denied). After determining all questions presented, this Court may reverse the trial court's judgment and render the judgment that the trial court should have rendered, including rendering judgment for the other movant. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988).

## TEXAS TAX CODE—Section 171.255

■ In his sole point of error, Dae Won Choe contends that the trial court erred in granting Hatley's motion for summary judgment and in denying his own motion for summary judgment. Hatley moved for summary judgment solely on the ground that section 171.255 imposes liability on corporate officers and directors for debts contracted only *after* a corporation's forfeiture of its right to do business. Dae Won Choe contends that a reading of section 171.255 leads to the inescapable conclusion that the statute means what it says and that an officer or director of a defaulting corporation also becomes liable upon forfeiture of the corporation's privileges for those debts incurred by the corporation *before* the forfeiture but *after* the date the franchise tax, report, or penalty was due but not filed or paid.

Section 171.255 provides in pertinent part:

> If the corporate privileges of a corporation are forfeited for failure to file a report or pay a tax or penalty, each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the tax, report, or penalty is due and before the corporate privileges are revived. The liability includes liability for any tax or penalty imposed by this chapter on the corporation that becomes due and payable after the date of the forfeiture.

TEX. TAX CODE ANN. § 171.255(a) (Vernon 1982).

The statute states that a director or officer of a corporation which has forfeited its corporate privileges is liable for debts of the corporation created or incurred *after the date on which the report, tax, or penalty is due and before the corporate privileges are revived. Id.* Factually, the case at hand fits precisely into the statutory scheme detailed by the legislature. On March 15, 1988, Chancellor, Inc. was due to file a current-year franchise-tax report and to pay the franchise tax due. By Hatley's admissions, Chancellor, Inc. became indebted to Dae Won Choe for services rendered by Dae Won Choe over the period of March 15, 1988 through March 24, 1988. On June 24, 1988, Chancellor, Inc. forfeited its right to do business due to its earlier failure to file a franchise-tax report and to pay franchise taxes on March 15, 1988.

Hatley denies individual liability on her part, relying on *Rogers v. Adler*, 696 S.W.2d 674 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). *Rogers*, however, is distinguishable on its facts. Rogers and Dycon, Inc. entered into a written contract in August 1977 whereby Rogers purchased an electronic prerecorded telephone solicitation system from Dycon. Rogers later became dissatisfied with the system's performance and in 1979 filed suit for damages. On February 22, 1982, Dycon's charter was forfeited for failure to report and to pay its franchise taxes. On February 15, 1983, Rogers was awarded judgment against Dycon.

Thereafter Rogers sued Robert M. and B. Michael Adler under section 171.255 of the Texas Tax Code, asserting their individual liability as officers and directors of Dycon, Inc. for the judgment against the corporation. Interpreting section 171.255, the *Rogers* court stated that a strict construction of the statute would prohibit the imposition of liability in a case where all of the operative facts occurred at least four years before the occurrence of the forfeiture of the corporation's charter. *Rogers*, 696 S.W.2d at 677.

Hatley's reliance on *Rogers* is misplaced. The issue in *Rogers* was when the debt was created or incurred. Rogers contended that her claim sounded in tort and that, because it was not a "specified sum of money," her claim was not a debt until it was reduced to judgment on February 15, 1983, at a time when Dycon's charter was in forfeiture. The liability of officers and directors *before* forfeiture, but after the franchise report and taxes became due and unpaid, was not before the *Rogers* court. Accordingly, we hold that *Rogers* is not dispositive of the issue before us.

We hold that the plain and ordinary meaning of the words in section 171.255, imposing liability for corporate debts incurred "after the date on which the tax, report, or penalty is due and before the corporate privileges are revived," includes liability for debts incurred before forfeiture but after the date the franchise tax, report, or penalty was due but not filed or paid. We sustain that portion of Dae Won Choe's sole point of error in which he complains of error in granting Hatley's motion for summary judgment.

■ Under our facts, Hatley is not liable for debts of the corporation incurred on March 15, 1988, the date on which the franchise tax and report were due, because the due date is excluded under the statute; however, she is liable for the corporate debts incurred for the period beginning March 16, 1988 through March 24, 1988. The summary judgment evidence raises a genuine issue of material fact as to the

amount of debt incurred during this time period. Accordingly, we overrule that portion of Dae Won Choe's point contending error in denying his motion for summary judgment. The trial court's judgment is reversed and remanded for further proceedings consistent with this opinion.