**Opinion issued September 13, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-10-00710-CV

———————————

**TRYCO ENTERPRISES, INC., SHARON C. DIXON, JAMES DIXON, CROWN STAFFING, INC. AND TROY KEITH DIXON, Appellants**

**V.**

**JAMES A. ROBINSON, Appellee**

---

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Case No. 2004-49672**

---

## CONCURRING OPINION

Because the majority opinion's holding on appellants' first issue is dispositive of this appeal, it is unnecessary to address the Dixons' third issue

concerning their personal liability for the judgment in the FLSA suit under Tax Code section 171.255. However, because the dissent specifically addresses this issue and partially accepts the Dixons' arguments, I take the unusual, but not unprecedented, step of authoring a separate concurring opinion to address the dissent's arguments on this issue. *See, e.g.*, *Mosqueda v. G & H Diversified Mfg., Inc.*, 223 S.W.3d 571, 584 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (Seymore, J., concurring) ("Like other jurists before me, I take 'the unusual, but not unprecedented, step of concurring to my own opinion in order to add some further observations.'") (quoting *Thurman v. State*, 861 S.W.2d 96, 101 (Tex. App.—Houston [1st Dist.] 1993, no pet.) (Cohen, J., concurring)); *Alvarado v. Wingfoot Enters.*, 53 S.W.3d 720, 727 (Tex. App.—Houston [1st Dist.] 2001) (Taft, J., concurring), *rev'd*, 111 S.W.3d 134 (Tex. 2003). Were I to reach it, I would overrule the Dixons' third issue in its entirety.

In their third issue, James and Sharon Dixon argue that they are not personally liable under Tax Code section 171.255 for the judgment entered against Tryco in the FLSA suit. They argue, "Texas courts have consistently held that individual liability on the officers of corporations after the forfeiture of their corporate privileges does not apply to debts brought into existence, caused by, resulting from, or arising out of actions occurring before forfeiture." They contend that, under the "relation-back" doctrine, Tryco's debt to Robinson must be counted

2

as having "occurred" or been "created" when the actions on which Robinson's FLSA suit was based occurred—namely, each time Tryco wrongfully failed to pay Robinson overtime in violation of the FLSA. They argue that these actions were actions that occurred in the ordinary course of Tryco's business, long before the forfeiture of its corporate charter; that the "debt" on which damages were entered against Tryco was, therefore, a pre-existing debt of the corporation incurred before forfeiture; that the judgment in the FLSA suit entered after the forfeiture merely memorialized this pre-existing corporate debt; that, under Texas law construing section 171.255, the date of the debt for which Robinson was awarded damages "relates back" to each of the dates on which Tryco incurred expenses for Robinson's unpaid overtime; and that, therefore, they cannot be held personally liable for the judgment entered on those debts under Tax Code section 171.255, which applies only to debts of the corporation incurred after forfeiture of the corporate charter. The dissent accepts this argument and would hold the Dixons personally liable only for that part of the judgment that does not reflect Robinson's recovery for unpaid overtime, namely, the attorney's fees, court costs, expenses, interest, and statutory liquidated damages for "willful violation of the Fair Labor Standards Act." *See* Dissent at 27–29.

Robinson, on the other hand, argues that the Dixons misread section 171.255 and the case law applying it. He argues that the debt he seeks to collect is not a

3

series of debts for unpaid wages incurred in the ordinary course of Tryco's business over a period of time, but a judgment debt, based on a jury verdict, awarding him statutory damages for ongoing violations of the FLSA by Tryco's corporate officers entered after forfeiture of Tryco's corporate charter and the transfer of its assets. Under section 171.255, the officers of a corporation may be held liable for their own wrongful acts that resulted in a debt of the corporation incurred after forfeiture of its corporate charter.

Robinson points out that Tryco forfeited its corporate charter by failing to pay franchise taxes on August 22, 2003, immediately after the verdict was reached in the FLSA suit on August 13, 2003, and shortly before the judgment was entered on September 11, 2003. Robinson contends that James and Sharon Dixon fraudulently forfeited Tryco's charter and transferred Tryco's assets to Crown Staffing to avoid paying the judgment in the FLSA suit. He argues that, under established law, the judgment debt in the FLSA suit falls squarely within the definition of a "debt" of a defunct corporation for which the corporation's officers and directors may be held personally liable under Tax Code section 171.255. I agree with Robinson.

Tax Code section 171.255 provides:

(a) If the corporate privileges of a corporation are forfeited for the failure to . . . pay a tax or penalty, each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or

4

penalty is due and before the corporate privileges are revived. The liability includes liability for any tax or penalty imposed by this chapter on the corporation that becomes due and payable after the date of the forfeiture.

(b) The liability of a director or officer is in the same manner and to the same extent as if the director or officer were a partner and the corporation were a partnership.

(c) A director or officer is not liable for a debt of the corporation if the director or officer shows that the debt was created or incurred:

(1) over the director's objection; or

(2) without the director's knowledge and that the exercise of reasonable diligence to become acquainted with the affairs of the corporation would not have revealed the intention to create the debt.

TEX. TAX CODE ANN. § 171.255 (Vernon 2008).

Thus, corporate officers and directors may not be held personally liable under section 171.255 for lawfully contracted debts of the corporation that occurred prior to forfeiture of the corporate charter or incurred after forfeiture without their knowledge and approval. But they may be held personally liable for "debt" created or incurred after forfeiture of the corporate charter.

A "debt" as used in section 171.255(a) "is defined as 'any legally enforceable obligation measured in a certain amount of money which must be performed or paid within an ascertainable period of time or on demand.'" *Taylor v. First Cmty. Credit Union*, 316 S.W.3d 863, 867 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (quoting Act of May 30, 1987, 70th Leg., R.S., ch. 324, § 1,

5

1987 Tex. Gen. Laws 1734, 1735 (defining "debt" as used in chapter 171, as formerly codified in Tax Code section 171.109(a)(3)), *repealed by* Act of May 2, 2006, 79th Leg., 3rd C.S., ch. 1, § 5, 2006 Tex. Gen. Laws 1, 23); *Cain v. State*, 882 S.W.2d 515, 516 n.1 (Tex. App.—Austin 1994, no writ).

I agree with Robinson that the judgment entered against Tryco in the FLSA suit for statutorily mandated damages, attorney's fees, costs, and interest was a "legally enforceable obligation measured in a certain amount of money" payable by Tryco to Robinson within a specified time period or on demand. I further agree that a legally-enforceable obligation for a sum certain was incurred by Tryco only when the trial court entered judgment in the form of statutory damages on the jury verdict in the FLSA suit after Tryco had failed to pay franchise taxes and had forfeited its corporate charter. *See Taylor*, 316 S.W.3d at 867 (quoting former Tax Code section 171.109(a)(3)). Thus, the debt at issue here was not, as the Dixons argue, created by Tryco's failures to pay Robinson's overtime wages. There was no employment contract between Tryco and Robinson that provided for the payment of the sums of money the jury found were wrongfully withheld from Robinson under the FLSA. Rather, the jury found that Tryco's corporate officers intentionally withheld from Robinson statutorily mandated overtime wages. To avoid paying any judgment entered on the jury verdict, the Dixons immediately forfeited Tryco's corporate charter and transferred Tryco's assets to Crown

6

Staffing. The trial court then entered judgment on the jury verdict against Tryco in the FLSA suit in the amount of "$58,349.000 for unpaid wages [and] $58,349.00 for willful violation of the Fair Labor Standards Act"—precisely in accordance with the FLSA, which permits recovery by employees whose employers have violated the Act "in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C.S. § 216(b) (LexisNexis 2010). The court also awarded Robinson attorney's fees, court costs, expenses, and interest, as permitted by the same statute. Thus, a legally enforceable obligation measurable in a sum certain was created when the trial court entered judgment awarding Robinson statutory damages.

The dissent draws a distinction unique to section 171.255 jurisprudence between unpaid compensation awarded as liquidated damages under section 216 of the FLSA and the doubling of that amount, also awarded as liquidated damages under that same section of the FLSA, for the employer's willful violation of the FLSA. It construes the damages awarded by the jury for wrongfully withheld statutorily mandated compensation as a series of lawful debts of the corporation incurred in the ordinary course of Tryco's operations and merely renewed in the post-forfeiture judgment. It then construes the doubling of the damages award by the jury for the willfulness of the violations, in accordance with the terms of the

7

statute, as a new debt incurred after forfeiture. I disagree with the dissent's reasoning and its conclusion.

"Liquidated damages" awarded for violations of the FLSA are not merely the memorialization of accumulated pre-existing debts. The FLSA is set out in Title 29 of the United States Code. Sections 206 and 207 of the Act regulate the payment of wages and overtime compensation by employers. Section 216(b) provides for damages for violations of the Act. It states, in relevant part: "Any employer who violates the provisions of [section 206] or [section 207] of this Act shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . ." 29 U.S.C.S. § 216 (LexisNexis 2010). The trial court's duty to award liquidated damages in an amount equal to the unpaid compensation due under sections 206 and 207 of the FLSA is a ministerial duty under the terms of section 216. *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1414 (5th Cir. 1990). This duty is made discretionary, however, by section 260 of the Act, which provides:

> In any action . . . to recover . . . unpaid overtime compensation, or liquidated damages, under the [FLSA], if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith *and* that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA] . . . the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section [216].

29 U.S.C.S. § 260 (LexisNexis 2010) (emphasis added); *Mireles*, 899 F.2d at 1414–15. To be relieved of liability for liquidated damages under section 216, an employer found liable under section 206 or 207 of the FLSA has the "substantial burden" of proving to the satisfaction of the trial court both that its acts giving rise to the employees' suit were in good faith and that it had reasonable grounds for believing it was not violating the FLSA. *Mireles*, 899 F.2d at 1415.

The debt owed in this case for Tryco's FLSA violations was determined, liquidated, and made enforceable by the judgment entered by the trial court in accordance with the mandate of the FLSA. This required that the trial court determine the amount of overtime compensation due Robinson under the statute and that it double that amount to determine the liquidated damages due Robinson, *unless* Tryco's officers carried their "heavy burden" of showing to the satisfaction of the court that they acted in good faith and had reasonable grounds for believing that their acts in withholding overtime compensation from Robinson (and also for retaliatorily firing him) did not violate the FLSA. *See* 29 U.S.C.S. §§ 216, 260. Here, the trial court found both that Robinson was entitled to wrongfully withheld unpaid overtime compensation and that Tryco was not entitled to the good faith defense; thus, it entered judgment for the full amount of statutory damages made mandatory by section 216 of the FLSA.

9

The Texas Supreme Court first defined a corporate debt for which corporate officers may be held personally liable after forfeiture of the corporate charter with respect to the predecessor of section 171.255 in the seminal case of *Schwab v. Schlumberger Well Surveying Corp*., 198 S.W.2d 79 (Tex. 1946). That statute, like the present statute, imposed personal liability on a director or officer of a corporation whose right to do business had been forfeited for "any and all debts of such corporation which may be created or incurred, *with his knowledge, approval and consent*" after the forfeiture and before the revival of the corporation's right to do business. *Id.* at 80 (construing predecessor of section 171.255, article 1821 of Revised Civil Statutes) (emphasis added).

In *Schwab*, the supreme court refused to hold the officers of a defunct corporation personally liable on a note evidencing obligations of the corporation when the note at issue merely renewed a debt after forfeiture of the corporate charter. *Id.* at 81–82. The court held that the word "created" means "[t]o bring into existence," while the word "incurred" means "brought on, occasioned, or caused." *Id.* at 81. Under these definitions, it held, "the liability imposed under the statute is only for debts contracted after the forfeiture of the right to do business, and has no application to the *renewal* of obligations arising prior thereto." *Id.* (emphasis added). Rather, "[t]*he statute was meant to prevent wrongful acts of culpable officers of a corporation*, and was for the protection of

10

the public and particularly those dealing with the corporation." *Id.* (emphasis added).

Subsequently, the supreme court, further construing that same predecessor of section 171.255, held that the officers of a defunct corporation were personally liable for debts of the corporation incurred for purchases of merchandise to which the officers consented and which they approved after the corporation had forfeited its right to do business. *First Nat'l Bank of Boston v. Silberstein*, 398 S.W.2d 914, 915–16 (Tex. 1966) (holding officers liable for debt "which results from and is attributable to the acts of Respondents").

Here, there was no "renewal" of Tryco's pre-existing debts to Robinson after the forfeiture of Tryco's corporate charter. Rather, there was a judgment for a sum certain for violations of the FLSA that resulted from and was attributable to the wrongful acts of the Dixons, as corporate officers of Tryco. This case thus falls squarely within the scope of section 171.255 as construed by the Texas Supreme Court in *Schwab* and *Silberstein.*

An examination of *Schwab* and *Silberstein* and of the case law following these two cases in construing section 171.255 and its predecessor statute makes it apparent that the Dixons and the dissent have conflated the two different types of corporate debt distinguished in these cases: (1) the lawful contractual debts of a corporation, which may be renewed or reduced to judgment after forfeiture of the

11

corporation's charter without changing the underlying nature of the debt as a debt of the corporation incurred pre-forfeiture in the regular course of its business, and (2) both (a) new debts incurred by the corporation and approved after forfeiture by officers with knowledge of the forfeiture and (b) judgment debts or penalties incurred by a corporation for the wrongful acts of its officers or directors that occurred prior to forfeiture of the corporate charter but were not reduced to "a legally enforceable obligation measured in a certain amount of money" in the form of a legal judgment or penalty until after forfeiture. *See Silberstein*, 398 S.W.2d at 916 (distinguishing debts of defunct corporation "incurred in the regular course of the business of the corporation," for which officers and directors cannot be held personally liable, and debts incurred after corporation "no longer has the right to do business," for which "the personal liability of officers and directors . . . is limited to those debts of which they have knowledge and, with the opportunity afforded thereby, which they have consented to and approved"); *Schwab*, 198 S.W.2d at 81–82 (discussing nature of corporate debt); *see also Beesley v. Hydrocarbon Separation, Inc.*, 358 S.W.3d 415, 422–23 & n.7 (Tex. App.—Dallas 2012, no pet.) (distinguishing between types of debts courts have examined in this context).

Corporate officers and directors may be held personally liable for liquidated damages awarded, or penalties assessed, in a post-forfeiture judgment as a result of

their own wrongful acts that occurred either before or after forfeiture to the same extent a partner in a partnership may be held liable for his own acts. *See* TEX. TAX CODE ANN. § 171.255(b) ("The liability of a director or officer is in the same manner and to the same extent as if the director or officer were a partner and the corporation were a partnership"); *see also Silberstein*, 398 S.W.2d at 915 (quoting predecessor statute to section 171.255). Here, the Dixons' actions in violating the FLSA prior to forfeiture of Tryco's corporate charter and then in terminating Tryco's charter and transferring its assets to Crown Staffing to avoid paying the monetary judgment awarded to Robinson as a result of those statutory violations are all acts for which a partner would be liable under the Texas Partnership Act. *See, e.g.*, *Moore v. Sussdorf*, 421 S.W.2d 460, 465 (Tex. Civ. App.—Tyler 1967, writ ref'd n.r.e.) (recognizing liability of partner in joint venture to partnership for termination of partnership for fraudulent purpose). They are thus actions for which James and Sharon Dixon may be held personally liable under Tax Code section 171.255. *See* TEX. TAX CODE ANN. § 171.255(b).

The Dixons also argue, and the dissent agrees, that each wrongful failure of Tryco to pay Robinson's overtime wages "relate[s] back" to the date of the separate and specific statutory violation, all of which occurred before forfeiture. The Dixons contend that because the "individual liability of the officers of corporations after the forfeiture of their corporate privileges does not apply to

debts brought into existence, caused by, resulting from, or arising out of actions occurring before forfeiture," they are not jointly and severally liable for the judgment against Tryco.

The Dixons contend that *Rogers v. Adler*, 696 S.W.2d 674 (Tex. App.—Dallas 1985, writ ref'd n.r.e.), and other section 171.255 cases support their argument. This case is, however, sharply different from those section 171.255 cases to which the Texas courts have held the "relation-back" doctrine applies. It belongs, instead, to the well-established line of cases in which Texas courts have held that the relation-back doctrine does *not* apply.

"Broadly speaking, the relation-back doctrine may be applied to give effect to the parties' *lawful intentions*, *preserve rights* that would otherwise be lost, or *afford a remedy* when none would otherwise exist." *Cain*, 882 S.W.2d at 518 (citing *Brandon v. Claxton*, 30 S.W.2d 679, 680–81 (Tex. Civ. App.—Dallas 1930), *aff'd*, 47 S.W.2d 263 (Tex. 1932)) (emphasis added). Here, there were no lawful intentions for the relation-back doctrine to preserve. And, if the Dixons and the dissent were correct, Robinson would *lose* the right to recover the damages he was awarded due to the Dixons' wrongful acts, since Tryco was denuded of its assets by them, and he would have *no* remedy for the FLSA violations committed by the Dixons. This case is thus totally unlike those cases cited by the Dixons, and by the dissent, to support their claims that Tryco's judgment debt was really just

14

the renewal and memorialization of previously-incurred lawful obligations of the corporation, for which its corporate offers may not be held liable.

By contrast, in *Rogers v. Adler*, the Dallas Court of Appeals applied the "relation-back" doctrine and held that two officer–directors of a corporation were not personally liable for a judgment rendered against the corporation after forfeiture of its corporate charter for a debt of the corporation incurred on a purchase contract where all the operative facts occurred at least four years before the forfeiture and were "essentially claims based on contract despite the allegations of fraud and breach of fiduciary duty." 696 S.W.2d at 675–77. The pleadings and evidence in that case made it clear to the court that the plaintiffs' claims, which were reduced to judgment after forfeiture, were actually claims for the payment of contractual obligations of the corporation that were incurred in the regular course of business after the corporate charter was forfeited and were not a judgment based on the fraudulent actions or breach of fiduciary duty of the officers of the corporation, as required for personal liability under section 171.255. *Id.* at 677; *see also* TEX. TAX CODE ANN. § 171.255(b) (providing officers and directors liable to same extent as if they were partners and corporation was partnership); *Silberstein*, 398 S.W.2d at 916 ("[T]he reasonable construction of the statute to the facts at hand is that personal liability is determined by the acts of Respondents in consenting to and approving the debts of the corporation where knowledge of their

15

creation is shown to have come to them in the regular course of the business of the corporation."); *Schwab*, 198 S.W.2d at 82 ("[T]he new agreement made on behalf of the corporation did not create or incur a new debt within the meaning of the statute. It merely created new evidence of the existing indebtedness."). The debt in *Rogers* was thus merely new evidence of an existing indebtedness.

The other cases upon which the Dixons and the dissent rely as authority for applying the relation-back doctrine to this case are all inapplicable for the same reason *Rogers* is inapplicable: all of the cases are cases in which the plaintiff sought to collect from corporate officers or directors after forfeiture of the corporate charter debts incurred in the regular course of the business of a corporation prior to forfeiture; all are cases in which the court's decision gave effect to the *lawful intentions* of the parties to a preexisting contract, preserved rights that would otherwise be lost, or afforded a remedy to a creditor of the corporation when none would otherwise exist. *See Cain*, 882 S.W.2d at 518 (emphasis added). None are true fraud cases or breach of fiduciary duty cases arising from the wrongful acts of corporate officers or directors for which partners might be held personally liable if the corporation were a partnership. *See McKinney v. Anderson*, 734 S.W.2d 173, 175 (Tex. App.—Houston [1st Dist.] 1987, no writ) (holding that payments due under lease agreement were created or incurred at time of execution of agreement, not time when payments came due, and

16

were not recoverable from corporate officers); *Curry Auto Leasing, Inc. v. Byrd*, 683 S.W.2d 109, 112 (Tex. App.—Dallas 1984, no writ) (applying relation-back doctrine to contract claims arising out of breach of car-rental agreement and holding that, for purposes of section 171.255, contractual debt was created or incurred on date of execution of rental contract, not date on which debt was reduced to judgment, which occurred after forfeiture). Both *McKinney* and *Curry Auto Leasing*, like *Rogers*, were cases for the collection of a debt due on a contract that the corporation entered into long before it forfeited its corporate charter, and in neither case was an allegation of fraud or breach of fiduciary duty sustained against the corporation's officers.

Similarly, in *Williams v. Adams*, 74 S.W.3d 437 (Tex. App.—Corpus Christi 2002, pet. denied), a judgment creditor attempted to collect from two officers of a corporation a judgment in negligence for personal injuries the plaintiff had suffered on condominium premises owned by the corporation, rendered against the corporation five months after forfeiture of its charter for failure to pay franchise taxes. *Id.* at 438–39. Although, in *Williams*, the debt—a judgment for negligence of the corporation—was incurred after forfeiture of the corporate charter and was not a debt owed pursuant to a lawful pre-existing contractual obligation of the corporation, it also was not incurred as a result of any wrongful act of the corporation's officers or directors or incurred with their knowledge and approval.

17

*Id.* at 441; *see also Silberstein*, 398 S.W.2d at 915–16; *Schwab*, 198 S.W.2d at 81–82.

In holding the officers not liable for the judgment in *Williams*, the Corpus Christi Court of Appeals applied section 171.255(c)'s exception to the liability of an officer or director of a corporation, which applies to preclude personal liability for a debt of the corporation incurred without the director's or officer's knowledge if the exercise of reasonable diligence would not have revealed the intention to incur the debt. *Williams*, 74 S.W.3d at 441–42; *see* TEX. TAX CODE ANN. § 171.255(c). The court held that section 171.255 could not be used to impute personal liability to an officer or director of a corporation for a corporate debt when the debt is a tort judgment based on the negligence of the corporation. *Williams*, 74 S.W.3d at 442. As was the case with the contract claims at issue in *Rogers*, *McKinney*, and *Curry Auto Leasing*, negligence, unlike breach of fiduciary duty or fraud, is not an intentional tort for which a partner might be held liable for the acts of a partnership, as required for liability under section 171.255. *See* TEX. TAX CODE ANN. § 171.255(b); TEX. BUS. ORGS. CODE ANN. §§ 152.204 (Vernon 2011) (stating partner's duties to partnership and other partners), 152.210 (Vernon 2011) (stating remedies of partnership and partners); *see also* TEX. TAX CODE ANN. § 171.255(c) ("A director or officer is not liable for a debt of the corporation if the director or officer shows that the debt was created or incurred . . . without the

18

director's knowledge and that the exercise of reasonable diligence . . . would not have revealed the intention to create the debt").

This case, by contrast, like *Cain*, falls squarely within the scope of acts for which a corporate officer or director of a defunct corporation may be held personally liable under *Schwab*, *Silberstein*, and their progeny, and to which the relation-back doctrine does not apply, namely, those cases in which a penalty or judgment is incurred by a corporation after forfeiture of its corporate charter as a result of the wrongful acts of the corporation's officers or directors before or after forfeiture.

Cain was an officer and director of an oil-well-operator corporation. 882 S.W.2d at 516. After ordering the corporation to plug a number of oil wells, which it failed to do, the Texas Railroad Commission authorized the expenditure of State funds to plug the wells. *Id.* Six months later, the corporation forfeited its corporate charter for failure to file its franchise-tax report. *Id.* Subsequently, the Commission paid nearly $50,000 to plug the wells, and it then sought to collect from Cain personally the amounts it had spent. *Id.* The Austin Court of Appeals determined that the debt was not liquidated until after forfeiture, when the Commission filed suit to recover the amount of funds spent to plug the wells after the corporation failed to do so, and it refused to hold that the debt related back to the Commission's authorization of the use of State funds to plug the wells. *Id.* at

19

519–20.  The court stated that the corporation was under a statutory duty to plug the wells and that Cain, as a corporate official, was responsible for ensuring that the corporation performed that duty.  *Id.* at 520.  Quoting *Schwab*, the court reiterated the purpose of section 171.255, stating, "The statute was meant to prevent wrongful acts of culpable officers of a corporation, and was for the protection of the public and particularly those dealing with the corporation."  *Id.* (quoting *Schwab*, 198 S.W.2d at 81).  It affirmed the trial court's judgment holding that Cain was liable to the Commission for the debt.  *Id.*

The Austin Court of Appeals also followed this principle in *Jonnet v. State*, 877 S.W.2d 520 (Tex. App.—Austin 1994, writ denied).  The court held that, for purposes of section 171.255(a), the corporation's debt for failure to pay an administrative penalty assessed by the Texas Railroad Commission was "created or incurred" on the date the Commission entered an order directing the corporation to pay the administrative penalty, and not on the date, nearly four years earlier, when the corporation began violating an administrative rule requiring that oil wells be plugged.  *Id.* at 523–24.  The court held the officers and directors liable for the penalty in their individual capacities under section 171.255(a).  *Id.* at 524.  The court explicitly rejected the relation-back doctrine on the ground that the penalties assessed by the Commission were based not just on the corporation's initial violation of a Commission rule on a given date, but on its "*ongoing* violation of

20

[the rule], which continued day after day for nearly four years," so that, unlike cases to which the relation-back doctrine applies, "in which the debt can be said to relate back to a single date—the date of the written instrument [creating the debt]—the conduct underlying the Commission's order is of a continuous nature, with no *single* date to which the penalty can relate back." *Id.* (emphasis in original).

Exactly the same reasoning applies here. Tryco's acts of violating the FLSA through the willful failure of the Dixons, its corporate officers, to pay Robinson overtime compensation to which he was statutorily entitled constitute an ongoing series of wrongful acts of violation of the FLSA prior to forfeiture of the corporate charter, as did the *Jonnet* defendants' ongoing violations of the Railroad Commission rule. And the statutory damages due Robinson for the willful acts of Tryco's corporate officers were reduced to a liquid and enforceable debt only in the judgment against Tryco entered in the FLSA suit after forfeiture of Tryco's corporate charter and the transfer of its assets. Thus, the Dixons, as officers of Tryco, may be held personally liable for the damages awarded to Robinson in that judgment, just as the defendant-officers in *Jonnet* and *Cain* were held personally liable for the penalty assessed against the corporation and the cost of funds expended by the State to plug abandoned oil wells, respectively.

Similarly, in *Skrepnek v Shearson Lehman Bros., Inc.*, the Fourteenth Court of Appeals rejected the application of the relation-back doctrine and held Skrepnek, a broker and officer of Panterra Resources, Inc. ("PRI"), individually liable in fraud under section 171.255 for a judgment rendered against PRI after the forfeiture of PRI's corporate charter on a debt owed to Shearson for stocks purchased by Shearson for PRI after forfeiture. 889 S.W.2d 578, 580–82 (Tex. App.—Houston [14th Dist.] 1994, no writ). PRI represented that it would pay brokerage fees and margin interest that was not paid, resulting in a loss to Shearson. *See id*. at 580. The court affirmed the judgment, finding that Skrepnek was a participant in a fraud. *Id*. at 580–81.

This case is also similar to *Taylor*. *Taylor* was an action brought against an automobile-dealership corporation and its officer-director by a lender to the corporation for the balance due on defaulted retail automobile installment contracts. *See* 316 S.W.3d at 865. The lender alleged, and the trial court found, that the dealership breached its contractual obligations to the lender by failing to provide good title to the motor vehicles the dealership sold to its customers under the contracts assigned to the lender and by committing other similar acts. *Id.* The dealer's actions breached its obligations to both the vehicle-purchaser and the lender and provided the vehicle-purchaser with a defense against the lender as the holder of the retail installment agreement. *Id.* The corporation's privileges were

22

revoked for failure to file a required franchise tax report. *Id.* The lender sued, and the corporation's officer-director sought application of the relation-back doctrine to protect himself from liability for the judgment entered against him in favor of the lender. *Id.* at 866, 867.

The Fourteenth Court of Appeals rejected the application of the relation-back doctrine in *Taylor,* stating that it conflicted with the Legislature's 1987 definition of a debt as any legally enforceable obligation measured in a certain amount of money. *Id.* at 869. Reasoning that this definition constituted an intervening and material change in the statutory law, the court overruled its own precedent applying the relation-back doctrine in *River Oaks Shopping Center v. Pagan*, 712 S.W.2d 190 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). *Id.* The court held that the officer-director of the dealership was personally liable for each debt of the corporation that was created or incurred after the date on which the corporate franchise tax report was due, including debt based on the dealership's breach of the dealership agreement. *Id.* at 867–70.

Finally, in *Beesley*, the Dallas Court of Appeals held that the promoter and officer of a corporation that had forfeited its corporate charter could not be held personally liable for the corporation's breach of a consulting agreement entered into by the corporation and its former owner before forfeiture. 358 S.W.3d at 423. The court explicitly drew a distinction between the debts incurred in *Cain* (penalty

for "costs of plugging oil wells" that corporate officers were obligated by law to plug) and *Taylor* (damages for "breaches of warranty and failure to provide good title to automobiles")—which could not be "measured in a certain amount of money" at the time of contracting—and the debts incurred in *Rogers* (losses due to breach of purchase contract entered into long before forfeiture), *Curry Auto Leasing* (corporate debts arising from failure to adhere to leasing contract), and the case at hand in *Beesley* itself (breach of employment agreement)—each of which "specified both the amount and the date due, so that at the time of contracting, a 'debt' was 'created' for purposes of section 171.255." *Id.* at 422–23 & n.7.

The distinction drawn in *Beesley* between types of debt to which the relation-back doctrine does and does not apply also applies here and places the judgment against Tryco squarely in the category of debts to which the relation-back doctrine does not apply. The amount of damages due to Robinson for Tryco's violation of the FLSA was not, and could not be, specified at the time Robinson entered his employment contract with Tryco. Indeed, the amount of the enforceable debt was not, and could not be, determined until Robinson's case was tried and the trial court had determined that the FSLA had been violated, that the violations resulted in a sum certain payable to Robinson in form of unpaid overtime compensation, and that the violation was willful, so that Tryco was not entitled to the good faith defense but must pay, as statutorily mandated damages,

24

double the amount of compensation wrongfully withheld. *See* 29 U.S.C.S. §§ 207, 216, 260; *Mireles*, 899 F.2d at 1414–15.

Like the defendants in *Taylor*, *Cain*, and *Skrepnek*, James and Sharon Dixon, as corporate officers of Tryco, committed acts for which they could be held liable if they were partners in a partnership. *See* TEX. TAX CODE ANN. § 171.255(b); TEX. BUS. ORGS. CODE ANN. §§ 152.204, 152.210. They had both a fiduciary duty to perform their functions as corporate officers in good faith and to act in the best interest of the corporation, and they had a statutory duty to ensure that Tryco paid Robinson in accordance with federal FLSA requirements. They breached those common-law and statutory duties in an ongoing manner, and they retaliatorily fired Robinson for taking the logs on which his unpaid overtime was recorded. *See Jonnet*, 877 S.W.2d at 524 (citing ongoing nature of statutory violations in concluding relation-back doctrine did not apply). Robinson sued Tryco for statutory damages under the FLSA. When the jury delivered a verdict for damages in favor of Robinson against Tryco for its statutory violations, Sharon and James Dixon immediately forfeited Tryco's corporate charter for failure to pay the franchise tax then due and fraudulently transferred the corporate assets of Tryco to Crown Staffing, leaving Tryco an empty shell unable to pay the judgment that was entered against it two and one-half weeks later that reduced Robinson's damages to a sum certain.

25

I, therefore, specifically disagree with the dissent's construction of the requirements of section 171.255 for the imposition of personal liability on corporate officers for the debt of a defunct corporation, which goes even beyond the arguments made by appellants. The instant suit to enforce the judgment in the FLSA suit is not, as the dissent would have it, a suit to recover "unpaid overtime compensation" that became a legally enforceable obligation "on each respective payday or, with respect to the overtime that Robinson worked during the last work period, on a date shortly after his termination"—an amount that was clearly not a determined sum certain prior to the FSLA lawsuit. Dissent at 26. It is a suit to enforce against the officers of a defunct corporation a judgment for liquidated damages available only under a federal statute for the wrongful acts of those officers—a judgment entered immediately after the corporate charter was forfeited and the corporation denuded of its assets by those same corporate officers in the wake of the adverse jury verdict on which the judgment was rendered..

I would hold that the foregoing actions satisfy the requirements for imposing personal liability on James and Sharon Dixon for the judgment entered against Tryco in the FLSA suit pursuant to Tax Code section 171.255 under well-established law. *See* TEX. TAX CODE ANN. §§ 171.255 (a)–(b).

I would overrule the Dixons' third issue, and I would affirm the trial court's judgment holding James and Sharon Dixon personally liable under Tax Code section 171.255 for all damages awarded to Robinson in the judgment entered against Tryco in the FLSA suit.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Massengale.

Justice Keyes, concurring.

Justice Massengale, concurring in part and dissenting in part.